STATE v. SEIDELL. (No. 5851.)

(Court of Civil Appeals of Texas. San Antonio. May 2, 1917.)

TAXATION ⊙⇒592—DELINQUENT TAXES—STATUTE.

Acts 34th Leg. c. 147, § 3, provides for suits for the collection of delinquent taxes not later than January 1, 1917, in counties of less than 50,000, not later than January 1, 1918, in counties over 50,000, and not later than June 1st of each year thereafter. Section 1 provides that in all counties of less than 50,000 the collector of taxes shall, not later than May 1, 1916, mail to the address of each record owner of land notice showing amount of taxes appearing delinquent, and shall also furnish the county or district attorney duplicates of the statements, or in lieu thereof lists of land located in such counties, containing amounts of taxes due and unpaid, etc. Held, that the last day upon which notice can be sent does not enjoin upon the tax collector the duty of sending the notice on that date or afterwards, but fixes the date after which no notice can be given and in a suit brought under the provisions of the act it devolved upon the state, in order to successfully prosecute the suit, to allege and prove that the requirements of the act including such notice and statements had been complied with, since, when certain things are as prescribed in a statute for the protection of a citizen and to prevent the sacrifice of his property and by disregard of which his rights may be jeopardized, such provisions are mandatory and, unless followed, any acts thereunder are null and void.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1205–1213.]

Appeal from District Court, Zavala County; R. H. Burney, Judge.

Suit by the State of Texas against W. G. Seidell. From a judgment sustaining exceptions to the petition, the plaintiff appeals. Affirmed.

John C. Jackson, of Crystal City, for the State.

FLY, C. J. This is a suit by appellant to collect taxes due by appellee for 1912, 1913, and 1914, with interest, penalty, and costs, on 30 acres of land in Zavala county. Appel-

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lee was cited by publication, and, being a nonresident, counsel was appointed to represent him. Special exceptions to the petition were filed by counsel and sustained by the court. The suit was filed under the provisions of section 3, c. 147, Acts 1915, p. 250 et seq., which provides:

"Not later than January 1, 1917, in counties of less than 50,000 inhabitants, and not later than January 1, 1918, in counties of more than 50,000 inhabitants, and not later than June 1 of each year thereafter, it shall be the duty of the county attorney, or the district attorney if there be no county attorney, to file and institute suits as otherwise provided by law for the collection of all delinquent taxes due at the time of filing such suit on land or lots situated in such county, together with interest, penalties and costs then due as otherwise provided by law," etc.

This suit was instituted on January 11, 1916. In section 1 of the same act it is provided that, in all counties of less than 50,000 inhabitants, the collector of taxes shall, not later than May 1, 1916, mail to the address of every record owner of any land or lots situated in their respective counties a notice, showing the amount of taxes appearing delinquent or past due and unpaid against such land and lots, such notice to contain a brief description of the land or lots appearing delinquent according to the records, giving the amount due for each year, and also furnish the county or district attorney duplicates of the statements—

"or in lieu thereof, lists of lands and lots located in such counties containing amounts of state and county taxes due and unpaid, and the years for which due, on lands or lots * * * in the name of 'Unknown' or 'Unknown Owners,' or in the name of persons whose correct address or place of residence in or out of the county said tax collector is unable by the use of due diligence to discover or ascertain. * * *"

The act in question went into effect on or about July 29, 1915, and expressly repealed article 7707 of the Revised Civil Statutes of 1911, and all other laws and parts of laws in conflict with the act. The act has made it incumbent upon the tax collector to furnish certain statements to the county or district attorney, and that statement is a necessary and essential matter of allegation and proof. The suits are to be filed and instituted as otherwise provided by law, but in order to prosecute to a successful termination the suits authorized by the act, certain duties are enjoined upon the tax collector, and a statement of the performance of those duties and of certain facts are absolutely essential to be alleged and proved.

The last date, May 1, 1916, on which the notice can be given, in counties of less than 50,000 inhabitants, does not enjoin upon the tax collector the duty of sending out the notice on that date or afterwards as contended by appellant, but fixes the date after which no notice can be given. It means that in the counties having less than 50,000 inhabitants the notice must be given at some time between the date on which the law went into effect and May 1, 1916. The statute is too clear to demand construction.

When this suit was brought on January 11, 1916, the law of 1915 was in effect, and the suit purports to have been brought under the provisions of that law, and it devolved upon appellant, in order to successfully prosecute the suit, to allege and prove that the requirements of the act had been complied with. There was no such allegation in the petition.

When certain things are prescribed in a statute for the protection of a citizen and to prevent the sacrifice of his property, and by a disregard of which his rights may be jeopardized and injuriously affected, they are not directory, but mandatory. They must be followed, or any acts thereunder will be null and void. Cooley on Taxation, pp. 480–486; French v. Edwards, 13 Wall. (80 U. S.) 506, 20 L. Ed. 702. Any notice required as to assessments, or as to any subsequent proceedings, must be given in the time and in the mode prescribed. It has been held that to obtain jurisdiction by publication, as was attempted in this case, it must affirmatively appear that the statute has been pursued strictly, and strict compliance with its provisions followed. Cooley, Tax. p. 484; Payson v. People, 175 Ill. 267, 51 N. E. 588. The unbroken current of authority sustains the proposition that property cannot be taken from the owner for taxes unless every statutory requirement affecting the property is strictly complied with. Carrier v. Comstock, 108 Ark. 515, 159 S. W. 1097; Meredith v. Coker, 65 Tex. 29; McCormick v. Edwards, 69 Tex. 106, 6 S. W. 32; Bean v. Brownwood, 91 Tex. 684, 45 S. W. 897.

The judgment is affirmed.