BARBER v. STATE.    (No. 453.)

(Court of Civil Appeals of Texas. Beaumont. April 25, 1919.)

1. TAXATION ⬖589 — ACTION FOR DELINQUENT TAXES—MAINTENANCE.

Under the express provisions of Vernon's Sayles' Ann. Civ. St. 1914, arts. 7687a and 7688a, relating to delinquent taxes, a suit for delinquent taxes for a period between 1896 and 1910 could not be maintained by the county attorney subsequent to January 1, 1918.

2. TAXATION ⬖586 — ACTION FOR DELINQUENT TAXES—MAINTENANCE.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 7687a and 7688a, a suit for delinquent taxes for years between 1896 and 1910 cannot be maintained where the tax collector of the county did not mail to defendant or the record owner of the land a written notice showing the amount of taxes appearing delinquent prior to May 1, 1916.

Appeal from District Court, Orange County; E. L. Bruce, Special Judge.

Action by the State of Texas against R. S. Barber. From a judgment for plaintiff, defendant appeals. Reversed and remanded, with instructions to dismiss.

Smith & Crawford and John Hancock, all of Beaumont, for appellant.

Tom C. Stephenson, of Orange, for appellee.

BROOKE, J. In this case no brief has been filed for appellee. Therefore we are compelled to use appellant's brief. This suit was filed by the county attorney of Orange county in behalf of the state of Texas on March 30, 1918, to recover delinquent taxes claimed to be due on a part of the Fisher Henderson survey in Orange county for the years 1896, 1897, 1898, 1901, 1902, 1903, 1904, 1905, 1906, 1909, and 1910 by the appellant, R. S. Barber.

Appellant specially excepted to the petition of appellee, plaintiff below: (a) That said petition failed to allege that prior to May 1, 1916, the tax collector of Orange county mailed to R. S. Barber, or the record owner of the land, a notice in writing showing the amount of taxes delinquent or past due and unpaid against the land described in

plaintiff's petition, as required by section 1 of chapter 147 of the Acts of the 34th Legislature (Vernon's Sayles' Ann. Civ. St. 1914, art. 7687a); and (b) that the county attorney, who filed this suit on March 30, 1918, was without authority to file the same under section 3 of chapter 147 of the Acts of the Regular Session of the Thirty-Fourth Legislature (Vernon's Sayles' Ann. Civ. St. 1914, art. 7688a), which provides that such suits shall be filed "not later than January 1, 1917." These matters were also pleaded by way of defense to plaintiff's cause of action.

The uncontroverted facts show that R. S. Barber became the owner of the land involved in this suit prior to January, 1912, at which time his deed was duly filed for record in the deed records of Orange county, Tex., since which time he has continued to be the owner of said property; that no notice of the delinquency of the taxes sued for was ever mailed to the appellant, R. S. Barber; that this suit was filed on March 20, 1918. The court overruled the exceptions urged by appellant, and in a trial to the court judgment was rendered for appellee, to which appellant duly excepted, and has seasonably perfected his appeal to this court.

[1, 2] There are three assignments of error in appellant's brief, viz.:

(a) "The court erred in overruling defendant's special exception numbered 'b' to plaintiff's cause of action because it appears that this suit was filed subsequent to January 1, 1918. and at which time, as provided by section 3 of chapter 147 of the Acts of the Thirty-Fourth Legislature of the state of Texas, the county attorney was without power and authority to file this suit."

(b) "The court erred in rendering judgment in favor of plaintiff and against defendant because it appears from the facts proven in this case that the tax collector of Orange county, Tex., did not mail to R. S. Barber, or the record owner of the land, a notice in writing showing the amount of taxes appearing delinquent or past due and unpaid against said land described in plaintiff's petition, as shown by delinquent tax records of Orange county, Tex., prior to May 1, 1916, as provided by section 1 of chapter 147 of the Acts of the Thirty-Fourth Legislature of the state of Texas."

(c) "The court erred in rendering judgment in favor of plaintiff and against the defendant because it appears from the facts proven in this cause that this suit was filed by the county attorney of Orange county, Tex., subsequent to January 1, 1918, at which time he was without authority and power to file this suit as provided by section 3 of chapter 147 of the Acts of the Thirty-Fourth Legislature of the state of Texas."

Article 7687a, Vernon's Sayles' Texas Civil Statutes, provides as follows:

"Not later than the first day of May, 1916, in all counties of less than 50,000 inhabitants, and not later than the first day of May, 1917, in all counties of more than 50,000 inhabitants, and not later than the first day of June in every year following thereafter, it shall be the duty of the collector of taxes in the various counties of this state to mail to the address of every record owner of any lands or lots situated in such counties, a notice showing the amount of taxes appearing delinquent or past due and unpaid against all such lands and lots according to the delinquent tax records of their respective counties on file in the office of the tax collector, and a duplicate of which shall also have been filed in the office of the comptroller of public accounts of the state of Texas and approved by such officer; such notice shall also contain a brief description of the lands or lots appearing delinquent, and various sums or amounts due against such lands or lots for each year they appear to be delinquent according to such records, and it shall also be the duty of the tax collectors of the various counties in this state not later than the dates named, and every year thereafter, to furnish to the county or district attorneys of their respective counties duplicates of all such statements mailed to the taxpayers in accordance with the provisions of this act, together with similar statements, or in lieu thereof, lists of lands and lots located in such counties containing amounts of state and county taxes due and unpaid, and the years for which due, on lands or lots appearing on such records in the name of 'Unknown' or 'Unknown Owners,' or in the name of persons whose correct address or place of residence in or out of the county said tax collector is unable by the use of due diligence to discover or ascertain; and it shall be the further duty of the tax collector to furnish on demand of any person or persons, firm or corporation, like statements with reference to any particular lot or tract of land for whatever purpose desired, which shall be in all instances certified by him with the seal of his office attached; said notices or statements herein provided for shall also recite that unless the owner or owners of such lands or lots described therein shall pay to the tax collector the amount of taxes, interest, penalty and costs set forth in such notice within 90 days from date of notice, then, and in that event, the county or district attorney will institute suits not later than January 1, next, for the collection of such moneys, and for the foreclosure of the constitutional lien existing against such lands and lots; and whenever any person or persons, firm or corporation shall pay to the tax collector all of the taxes, interest, penalties and costs shown by the records aforesaid to be due and unpaid against any tract, lot or parcel of land for all of the years for which said taxes may be shown to be due and unpaid, then it shall be the duty of the tax collector to issue to such person or persons, firm or corporation a redemption receipt covering such payment as is now required by law."

Article 7688a provides:

"Not later than January 1, 1917, in counties of less than 50,000 inhabitants, and not later than January 1, 1918, in counties of more than 50,000 inhabitants, and not later than June 1 of each year thereafter, it shall be the duty of the county attorney, or the district attorney if there be no county attorney, to file and institute suits as otherwise provided by law for the collection of all delinquent taxes due at the

time of filing such suit on land or lots situated in such county, together with interest, penalties and costs then due as otherwise provided by law; provided, that for the work of filing such suits, the county or district attorney shall receive a fee of $5 for the first tract of land included in each suit, and $1 for each additional tract included therein; provided, that where unimproved town lots are sued upon or included in a suit with other land or improved town lots in the same town, only one such additional fee shall be added for each twenty lots or any number less than twenty; and, provided further, that in counties containing over 50,000 inhabitants such attorney's fee shall be $2.50 for the first tract and 50 cents for additional fees as above provided.

"The tax collector shall, in addition to the compensation and costs now allowed by law, be entitled for making up the delinquent record or supplements thereto where necessary under this act the sum of 5 cents for each and every line of yearly delinquencies entered on said delinquent record or supplement, such compensation to be paid out of the general fund of the county upon the completion of said record or supplement. The tax collector shall also receive a commission of 5 per cent. on the amount of all delinquent taxes collected in addition to the commissions now allowed him by law."

This statute has been passed upon in this state. In the case of State v. Seidell, 194 S. W. 1118, the court said:

"In section 1 of the same act it is provided that, in all counties of less than $50,000 inhabitants, the collector of taxes shall, not later than May 1, 1916, mail to the address of every record owner of any land or lots situated in their respective counties a notice, showing the amount of taxes appearing delinquent or past due and unpaid against such land and lots, such notice to contain a brief description of the land or lots appearing delinquent according to the records, giving the amount due for each year, and also furnish the county or district attorney duplicates of the statements, 'or in lieu thereof, lists of lands and lots located in such counties containing amounts of state and county taxes due and unpaid, and the years for which due, on lands or lots * * * in the name of "Unknown" or "Unknown Owners" or in the name of persons whose correct address or place of residence in or out of the county said tax collector is unable by the use of due diligence to discover or ascertain.' * * *

"The act in question went into effect on or about July 29, 1915, and expressly repealed article 7707 of the Revised Civil Statutes of 1911, and all other laws and parts of laws in conflict with the act. The act has made it incumbent upon the tax collector to furnish certain statements to the county or district attorney, and that statement is a necessary and essential matter of allegation and proof. The suits are to be filed and instituted as otherwise provided by law, but, in order to prosecute to a successful termination the suits authorized by the act, certain duties are enjoined upon the tax collector, and a statement of the performance of those duties and of certain facts are absolutely essential to be alleged and proved.

"The last date, May 1, 1916, on which the notice can be given, in counties of less than 50,000 inhabitants, does not enjoin upon the tax collector the duty of sending out the notice on that date or afterwards as contended by appellant, but fixes the date after which no notice can be given. It means that in the counties having less than 50,000 inhabitants the notice must be given at some time between the date on which the law went into effect and May 1, 1916. The statute is too clear to demand construction.

"When this suit was brought on January 11, 1916, the law of 1915 was in effect, and the suit purports to have been brought under the provisions of that law, and it devolved upon appellant, in order to successfully prosecute the suit, to allege and prove that the requirements of the act had been complied with. There was no such allegation in the petition.

"When certain things are prescribed in a statute for the protection of a citizen and to prevent the sacrifice of his property, and by a disregard of which his rights may be jeopardized and injuriously affected, they are not directory, but mandatory. They must be followed, or any acts thereunder will be null and void. Cooley on Taxation, pp. 480–486; French v. Edwards, 13 Wall. (80 U. S.) 506, 20 L. Ed. 702. Any notice required as to assessments, or as to any subsequent proceedings, must be given in the time and in the mode prescribed. It has been held that to obtain jurisdiction by publication, as was attempted in this case, it must affirmatively appear that the statute has been pursued strictly, and strict compliance with its provisions followed. Cooley, Tax. p. 484; Payson v. People, 175 Ill. 267, 51 N. E. 588. The unbroken current of authority sustains the proposition that property cannot be taken from the owner for taxes unless every statutory requirement affecting the property is strictly complied with. Carrier v. Comstock, 108 Ark. 515, 159 S. W. 1097; Meredith v. Coker, 65 Tex. 29; McCormick v. Edwards, 69 Tex. 106, 6 S. W. 32; Bean v. Brownwood, 91 Tex. 684, 45 S. W. 897."

Therefore, from a reading of the statute and from the decision quoted, it appears that the exceptions should have been sustained, and the cause dismissed. We see no necessity for bringing this case to this tribunal in the teeth of a plain, statutory provision.

Therefore the cause will be reversed and remanded, with instructions to the lower court to dismiss the same from its docket.