STATE v. GUANA. (No. 6264.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 19, 1919. Rehearing Denied Dec. 17, 1919.)

TAXATION ⚙⟿642—NOTICE BEFORE SUIT TO FORECLOSE TAX LIEN.

In suit by state to foreclose tax lien for delinquent taxes for year 1915, where notice required by Acts 34th Leg. c. 147, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 7687a), although not mailed to defendant by May 1, 1916, was mailed June 2, 1916, and suit was filed after 90 days from mailing of such notice, state was entitled to judgment and foreclosure, all other requirements of the law having been complied with; the time of giving notice being immaterial, provided taxpayer has 90 days' time from such notice before suit is filed.

Appeal from District Court, Frio County; C. C. Thomas, Judge.

Suit by the State of Texas against Vencelado Guana. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

Thos. H. Ward, of Pearsall, for the State.

COBBS, J. This was a suit brought on the 23d day of December, 1916, by the state of Texas, as plaintiff, against Vencelado Guana, as defendant, for the foreclosure of a lien for taxes on lots 2 and 3, in block 13, in the town of Dilley, in Frio county, Tex. Said suit was brought under and by virtue of chapter 15, title 126, Revised Statutes of Texas, as amended by sections 1, 2, and 3, chapter 147, Acts of the Legislature of 1915 (Vernon's Ann. Civ. St. Supp. 1918, arts. 7687a, 7687b, 7688a).

Said cause was called for trial on the 20th day of February, 1919, at a regular term of court. The state was represented by its attorney, but the defendant made default. The court thereupon rendered judgment that the cause be dismissed from the docket of said court, and that no costs of suit be collected from either the plaintiff or defendant. Plaintiff excepted to the judgment of the court, and gave notice of appeal. The suit was to recover delinquent taxes due for the year 1915.

Appellant filed a brief, but no brief is filed for appellee. Appellant concedes the notice required by section 1, chapter 147, of the Acts of 1915, had not been mailed to defendant by May 1, 1916. Appellant's proposition is that, inasmuch as the notice was mailed to appellee on the 2d day of June, 1916, and suit was filed after 90 days from the mailing of such notice to appellee, and before January 1, 1917, and all other requirements of the law had been complied with, appellant was entitled to the judgment and foreclosure; that the dates mentioned in the act of May 1, 1916, and thereafter on June 1st of each year, were not meant as periods of limitation, or as dates after which no notices might be mailed, and the effect of which holding of the court would be to deny to the state the right to recover taxes where the notices have not been sent out prior to May 1, 1916, or June 1st of each year thereafter.

In the case of State of Texas v. Seidell, 194 S. W. 1118, the exception was to the effect that the petition did not show that the defendant was given 90 days' notice of the alleged delinquency of taxes before suit was filed, nor allege as a reason for failing to give such notice that defendant's post office address and residence was unknown to the tax

collector. The contention, as shown by the exception, was that the suit was prematurely brought. In the judgment the court stated that he sustained the general and special exception for the reason that the petition failed to affirmatively show that the 90 days' notice had been given, or any reason for the failure to do so, and that therefore the suit was prematurely brought. The judgment of dismissal was affirmed by the court.

In the present case the petition shows that the defendant received the 90 days' notice, and that such notice was in compliance with the statute; but the date when it was mailed is not alleged, and the court upon the trial found that it had been mailed on June 2, 1916, instead of before May 1, 1916, as prescribed by section 1, chapter 147, Acts 1915. Because the notice was not mailed before May 1, 1916, and for that reason alone, the court dismissed the case after hearing the evidence. This was done in a desire to follow the case of State v. Seidell, and doubtless under the belief that the suit was prematurely brought.

The statute under consideration requires the tax collector to give the notice not later than May 1, 1916 (in counties of less than 50,000 inhabitants), and not later than the 1st day of June in every year following thereafter. The act was passed primarily to do away with the collection of taxes by contract as provided in article 7707, and to make the officers intrusted with duties with respect to the collection of taxes perform such duties. The substantial benefit conferred on delinquent taxpayers is that they shall have 90 days' notice before being sued. The tax collector fails to send him the notice by May 1, 1916. The following questions then arise:

(1) Does such failure preclude the state from recovering the taxes concerning which the notice should have been given?

(2) Does such failure postpone the right of the state to institute suit from year to year until the tax collector gives the notice at the time prescribed by the statute?

The first question must be answered in the negative. The act is not one of limitation, and its purpose was to insure the collection of taxes, and not to render it impossible to collect same, provided an officer neglected the sending of notice.

The second question is more troublesome, but it should also be answered in the negative. All prerequisites to the institution of suit which may be deemed beneficial to the taxpayer should be complied with, but whether notice is mailed one day or another is immaterial, provided he is given the 90 days' time from such notice before suit is filed. This notice is simply a demand for payment of taxes, and, if not given within the 90 days prior to January 1st thereafter, no suit can be maintained. Under our statutes the suit has to be brought, as is any other foreclosure suit, and legal notice given by citation, and in which trial the defendant is entitled to make all his defenses. But this notice was given 90 days before suit was filed, and he was not deprived of any right of due process of law. Limitations of Taxing Powers, by Gray, §§ 1157 to 1163, and citations.

The Seidell Case was correctly decided, and has been cited with approval in State v. Hunt, 207 S. W. 636, and in Barber v. State, 212 S. W. 292. It is not authority here for the reason, as stated, the notice was given 90 days before the suit was filed prior to January 1st succeeding. The notice is a mere written advice that, unless the owner shall pay to the tax collector the amount of taxes, interest, penalty, and costs set forth in such notice within 90 days from date of notice, then in that event the county or district attorney will institute suits not later than January 1st for the collection of such moneys and for the foreclosure of the constitutional lien. If such notice had not been given at all, then no suit could be maintained until that was done properly so as to afford the opportunity to pay. The notice, as seen by the statute, is a prerequisite to the suit, and must be given 90 days before its institution. The court found the notice was given on June 2, 1916, and that suit was instituted on the 23d day of December, 1916, in the district court of Frio county; and further found the defendant to be justly indebted for taxes, interest, and penalty in the sum of $5.73, together with interest thereon at 6 per cent. from December 23, 1916.

As the court heard the case fully and made complete findings, it is the opinion of this court that the case should be reversed, and here rendered for appellant.

Reversed and rendered.