## BARNHILL v. STATE. (No. 8012.)*

(Court of Civil Appeals of Texas. Galveston. March 30, 1922. Rehearing Denied April 20, 1922.)

I. Taxation ⚖640—Failure to notify of delinquent taxes within statutory period and to sue within specified time not a bar to suit by state to collect taxes and foreclose lien.

The failure of the tax collector to give owner notice of delinquent taxes on or before May 1, 1916, as required by Acts 34th Leg. (1915) c. 147, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 7687a), and the failure of the county or district attorney to institute suit for the collection of delinquent taxes on or before January 1, 1917, did not preclude the state from thereafter maintaining a suit to recover the taxes and to foreclose the tax lien, since such statute did not fix the time limitation for the enforcement of the collection of taxes, but merely required such officers to perform such duties within the time specified for subjecting themselves to the penalties provided.

2. Taxation ⚖650—State, suing for delinquent taxes, entitled to statutory fees allowed county collector and county clerk and for costs of advertising lists.

The state, suing for delinquent taxes, held entitled to amount of fees allowed by Vernon's Sayles' Ann. Civ. St. 1914, arts. 7687, 7691, to county collector and county clerk for preparing, certifying, and recording delinquent tax list and costs of advertising such lists.

Appeal from District Court, Wichita County; John S. Prince, Judge.

Suit by the State of Texas against T. P. Barnhill. Judgment for the plaintiff, and defendant appeals. Reformed and affirmed.

Aldrich & Crook, Madden & Denny, and Nunn & Nunn, all of Crockett, for appellant.

E. P. Adams and N. H. Phillips, both of Crockett, for the State.

PLEASANTS, C. J. This suit was brought by the appellee against appellant to recover taxes due by appellant for the years 1892, 1895, and 1896 upon a tract of 40 acres of land on the William Sherman survey in Houston county, owned by appellant, and to foreclose the tax lien upon said land.

The defendant demurred generally to plaintiff's petition, and specially excepted thereto because it failed to show that the delinquent tax notice required by chapter 147 of the Acts of the Thirty-Fourth Legislature was given the defendant in the time required by said act, and because the petition shows upon its face that this suit was not brought within the time required by law. The defendant further answered by general denial and specially pleaded:

"(1) That no valid notice had been given defendant as required by law.

"(2) That this suit was not filed within the time prescribed by law, the same in no event being authorized to be brought later than January 1, 1917, for any of the taxes sued for, whereas said suit was not filed until March 10, 1920, for any of said taxes, and such suit being expressly forbidden by law later than January 1, 1917, and because the notice required by law was not given in the manner and within the time required by law, and is barred by limitation, and because this suit is also forbidden by the former decisions of the courts of this state and falls within the rule of stare decisis

"(3) That Houston county has now and has always had a population of less than 50,000 inhabitants, and the law governing the matter of 'notices, suits,' etc., with reference to delinquent taxes, makes special and mandatory provisions and requirements which must be set forth before any suit for taxes can be maintained and judgment recovered in such county, and which requirements have not been complied with in this case.

"(4) That the costs, interest, and penalties claimed by plaintiff are illegal, there being no law to authorize the collection of the same."

The trial in the court below without a jury resulted in judgment in favor of appellee for the full amount of the taxes sued for with interest thereon, and for foreclosure of the tax lien.

There is no issue of fact in the case. The questions presented by this appeal involved a construction of sections 1 and 3 of the Acts of the Thirty-Fourth Legislature, providing for the institution of suits for the collection of delinquent taxes due the state, and prescribing the duties of tax collectors in reference to the giving of notice to delinquent taxpayers, and the filing of lists of delinquent taxes. This statute is chapter 147, Acts 34th Leg. p. 250, and is also found in Vernon's Civil Statutes 1918 Supp. arts. 7687a, 7687b, and 7688a.

Section 1 of the act (Vernon's Ann. Civ. St. Supp. 1918, art. 7687a) is as follows:

"Not later than the first day of May, 1916, in all counties of less than 50,000 inhabitants, and not later than the first day of May, 1917, in all counties of more than 50,000 inhabitants, and not later than the first day of June in every year following thereafter, it shall be the duty of the collector of taxes in the various counties of this state to mail to the address of every record owner of any lands or lots situated in such counties, a notice showing the amount of taxes appearing delinquent or past due and unpaid against all such lands and lots according to the delinquent tax records of their respective counties on file in the office of the tax collector, and a duplicate of which shall also have been filed in the office of the comptroller of public accounts of the state of Texas and approved by such officer; such notice shall also contain a brief description of the lands or lots appearing delinquent, and various sums or amounts due against such lands or lots for each year they appear to be delinquent according to such records, and it shall also be the duty of the tax collector of the various counties in this State not later than the dates named, and every

year thereafter, to furnisn to the county or district attorneys of their respective counties du-. plicates of all such statements mailed to the taxpayers in accordance with the provisions of this act, together with similar statements, or in lieu thereof, lists of lands and lots located in such counties containing amounts of state and county taxes due and unpaid, and the years for which due, on lands or lots appearing on such records in the name of 'Unknown' or 'Unknown Owners,' or in the name of persons whose correct address or place of residence in or out of the county said tax collector is unable by the use of due diligence to discover or ascertain; and it shall be the further duty of the tax collector to furnish on demand of any person or persons, firm or corporation, like statements with reference to any particular lot or tract of land for whatever purpose desired, which shall be in all instances certified by him with the seal of his office attached; said notices or statements herein provided for shall also recite that unless the owner or owners of such lands or lots described therein shall pay to the tax collector the amount of taxes, interest, penalty and costs set forth in such notice within 90 days from date of notice, then, and in that event, the county or district attorney will institute suits not later than January 1, next, for the collection of such moneys, and for the foreclosure of the constitutional lien existing against such lands and lots; and whenever any person, firm or corporation shall pay to the tax collector all of the taxes, interest, penalties and costs shown by the records aforesaid to be due and unpaid against any tract, lot or parcel of land for all of the years for which said taxes may be shown to be due and unpaid, then it shall be the duty of the tax collector to issue to such person or persons, firm or corporation a redemption receipt covering such payment as is now required by law."

Section 2 (article 7687b) directs the manner in which delinquent tax records shall be made up and filed.

Section 3 of the act (article 7688a) makes it the duty of the county or district attorney in all counties of less than 50,000 inhabitants "not later than January 1, 1917, * * * and not later than June 1 of each year thereafter, * * * to file and institute suits as otherwise provided by law for the collection of all delinquent taxes due at the time of filing of such suit on land or lots situated in such county." This section also fixes the compensation allowed the tax collector and attorney for the performance of the duties prescribed by the act.

Section 4 of the act declares that the duties prescribed by the act for the officers therein named are mandatory, and makes the failure of such officers to comply with the provisions of the act a misdemeanor punishable by fine of not less than $100 or more than $1,000, and by removal from office.

Section 5 of the act repeals article 7707 of the Revised Statute of 1911 and all laws or parts of laws in conflict with the provisions of the act.

All of the provisions of the act were complied with in this case, except that the no-

tice required by section 1 was not given the defendant until November 10, 1919, and the suit was not filed until March 10, 1920. Houston county has less than 50,000 inhabitants. Under appropriate assignments of error appellant contends that the failure of the tax collector to give appellant the notice required by the statute on or before May 1, 1916, debarred appellee from instituting this suit, and the failure to file suit on or before January 1, 1917, bars appellee's right to recover the taxes due it by the appellant.

[1] We cannot agree with this construction of the statute. The purpose and intent of the Legislature in the enactment of this statute, as shown by the language of the act, was not to fix a time limitation in which the state could enforce the collection of taxes due it, but to require the officers therein named to perform the duties prescribed by the act within the time therein specified or subject themselves to the penalties provided in the act. The whole act negatives the idea that it was intended to relieve delinquents from liability for taxes due by them or to forbid the state from maintaining a suit for such taxes unless the notice was given and the suit filed within the time stated in the act. That such was not the purpose and intent of the Legislature is, we think, clearly indicated by the caption of the act and the language of the emergency clause. There is not a word in the caption that gives any notice that the act contains any time limitation upon the right of the state to sue for recovery of delinquent taxes. The emergency clause is as follows:

"The fact that the delinquent tax records of this state are in bad condition in many counties, and that many county officers have failed or refused to comply with the law in collection of delinquent taxes, and the fact that innocent purchasers are often embarrassed by delinquent tax claims of which they have had no notice, that millions of dollars are outstanding in taxes in this state which ought to be collected as speedily as possible, create an emergency and an imperative public necessity," etc.

The purpose of the act as herein expressed was to force the officers charged with the duty of preparing delinquent tax records and collecting the taxes due the state to perform the duties required of them by law, to the end that purchasers of lands could know by examination of the tax records what taxes were due thereon, and that the state would receive the large amount of taxes due it which the officers named had failed or refused to collect.

We do not think that there can be read into this act a time limitation upon the right of the state to collect taxes due it.

The only cases which sustain appellant's contention of the statute are State v. Seidell (Tex. Civ. App.) 194 S. W. 1118, and Barber v. State (Tex. Civ. App.) 212 S. W. 292.

The decision in the Barber Case is based upon the opinion of the Court of Appeals for

the Fourth District in the Seidell Case, supra, but that opinion has been so modified by a subsequent opinion of the same court in the case of State v. Guana (Tex. Civ. App.) 216 S. W. 687, that it no longer supports appellant's construction of the statute.

The Court of Appeals for the Ninth District in an able opinion by Justice Hodges in the case of State v. Heath, 220 S. W. 567, has, we think, given unanswerable reasons for the holding that the statute is not one of limitation, and the right of the state to maintain a suit for the collection of delinquent taxes is not lost by a failure of its officers to perform the duties required of them by the act within the time therein specified.

Appellee by cross-assignment complains of the refusal of the trial court to render judgment in its favor for the sum of $6.75 fees allowed by the statute to the county collector and county clerk for the performance of the duties required of them in preparing, certifying, and recording the delinquent tax list, and the costs of advertising such list.

Article 7691, Vernon's Sayles' Civil Statutes, expressly provides that the collector of taxes, for preparing the delinquent list and certifying the same to the commissioners' court, shall be entitled to a fee of $1 for each correct assessment of the land, and the county clerk, for making out and rendering the data of each delinquent assessment, and for noting same in the minutes of the commissioners' court, and for certifying same to the comptroller with correctness, and noting the same in his delinquent tax record, shall receive a fee of $1 to be taxed as costs against the land in each suit.

It has been held by the courts that these fees should be taxed each year for which the taxes were delinquent and the duties required by the statute were performed by the officers to whom the fees are allowed. State v. Wolfe (Tex. Civ. App.) 51 S. W. 657; Houston Oil Co. v. State (Tex. Civ. App.) 141 S. W. 805.

Article 7687, Vernon's Sayles' Civil Statutes, which makes it the duty of the commissioners' court to publish the delinquent list, allows a fee of 25 cents for such advertisement, to be taxed as costs.

[2] It is agreed by the parties "that the county officials of said county have performed all of their statutory duties prior to May 1, 1916, in connection with the preparation of the delinquent tax record, having the same approved, advertised," etc. Upon this agreement, under the authorities above cited, appellee should have recovered the costs claimed by it.

We think the judgment should be reformed so as to include the $6.75 costs, and as so reformed should be affirmed, and it is so ordered.

Reformed and affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes