**GARNER v. HEISIG.** (No. 1808.)

Court of Civil Appeals of Texas. Beaumont. July 25, 1929.

Rehearing Denied Oct. 2, 1929.

Fred A. White, of Port Arthur, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

O'QUINN, J. This is an appeal from a judgment perpetuating an injunction. December 16, 1927, the state of Texas, acting through the county attorney of Jefferson county, obtained a judgment in the district court of Jefferson county, against appellee herein, C. T. Heisig, for delinquent taxes, penalty, interest, and costs of suit in the amount approximately of $250. Execution was issued and placed in the hands of Tom H. Garner, sheriff of Jefferson county, and this suit was brought to enjoin him from levying on or selling any of appellee's property to satisfy said judgment. A temporary writ was issued and the cause set for hearing. On hearing the injunction was made permanent. This appeal is from that judgment.

Appellee sought to restrain the execution of said judgment on the grounds:

(a) That the taxes were delinquent, and that no notice was given to him of said delinquency as provided for by article 7324, Rev. St. 1925.

(b) That, after the suit was brought and he was served with citation, he took the matter up with the county judge and the tax collector of Jefferson county, and offered to pay the taxes due, less the penalty, interest, and costs, and was advised that he would have to take the matter up with the commissioners' court of Jefferson county; that he was assured by the tax collector that he (the tax collector) would take the matter up with the commissioners' court for the purpose of getting a waiver of his paying the penalty, interest, and costs, and that no further action would be had without notice to appellee, and that relying upon that promise he took no further action in the suit and filed no answer therein; that he never heard from the tax collector, or any other person, as to what action, if any, the commissioners' court took in the matter on his claim for the remission of the penalty, interest, and costs, and that he assumed that he would be notified of their action when they acted in the matter; that by chance he discovered that judgment had been taken against him, and an execution issued to be levied on his property, to restrain which he brought this suit.

(c) That he had a meritorious defense against the state and county's claim for penalty, interest, and costs for in that (1) the claim for penalties and interest was barred by the statutes of two and four years' limitation, and (2) because no notice of the delinquency of said taxes was ever given him as required by law, and that such notice was a prerequisite to the right to bring and maintain suit for same, and that if said notice was not a prerequisite for the bringing of the suit for the taxes, it was so for the bringing of the suit for the penalty and interest.

The state intervened in the suit and filed a joint answer with Sheriff Tom H. Garner. The defendants answered the petition for injunction by a general demurrer and by special exception to that part of appellee's petition relating to his efforts with the county judge and tax collector in endeavoring to bring the matter before the commissioners' court to secure a remission of the penalties, interest, and costs of suit, because all matters relative thereto occurring after suit had been filed and citation served on appellee, and as a matter of law neither the county judge, nor tax collector, nor the commissioners' court could have controlled same for in that they were without authority to remit money due the state for taxes, penalty, or interest thereon. They also specially excepted to that portion of the petition pleading the statutes of limitation against the taxes, penalties, and interest for in that limitation is no defense against a suit for delinquent taxes due the state or county. The defendants also charged that the injunction suit was for the sole purpose of delay and invoked article 4660, Rev. St. 1925, against same.

The court overruled appellants' general demurrer and special exceptions, to which action of the court appellants duly excepted and have duly preserved their exceptions. Judgment was then rendered against the state on its cross-action for 10 per cent. penalty as for delay, and the temporary injunction was made permanent.

■ Appellee did not bring suit to set aside the tax judgment against him, but sought to restrain the execution of said judgment on the ground that same was unenforceable because, prior to the bringing of the suit, he was not served with notice as required by article 7324, Rev. St. 1925. He cites us to the case of Hunt v. State of Texas, 110 Tex. 204, 217 S. W. 1034, as sustaining his contention. His whole contention, as reflected by his brief, is based upon the statute and case cited.

Article 7324, invoked by appellee, was article 7687a prior to the revision of 1925, and, among other things, provided: "During the months of April and May each year, or as soon thereafter as practicable, the collector of taxes in each county of this state shall mail to the address of each record owner of any lands or lots situated in the county a notice showing the amount of taxes delinquent or past due and unpaid against all such lands and lots as shown by the delinquent tax record of the county on file in the office of the tax collector, a duplicate of which shall also have been filed in the office of the comptroller of public accounts of the State of Texas and approved by such officer." This was the law at the time the Hunt Case was decided. It was there held that said provision was mandatory, and that such notice to the delinquent tax owner was a prerequisite to the filing and maintaining of a suit for the taxes and foreclosure of the tax lien. After the decision in the Hunt Case, the Legislature amended said statute by adding to the portion above quoted the words; "but failure to send or receive such notice shall be no defense to a suit brought for taxes." Acts 2d Called Sess. 1923, p. 32, c. 13, § 1 (amending Vernon's Ann. Civ. St. Supp. 1922, art. 7687a). We think it evident that the amendment to the statute was intended to meet the situation existing because of the Hunt decision. In the instant case, under the law as amended, supra, the court had jurisdiction to entertain the suit and render the judgment of which appellee complains, and his petition for injunction to restrain the execution of said judgment did not state sufficient grounds for the relief sought, and should have been denied.

■ It is not necessary for us to discuss appellee's plea of limitation against the taxes, asserted in his petition as a good defense to the suit in which the judgment was rendered.

334

Limitation could not be urged as a defense against the collection of the taxes. Article 7298, Rev. St. 1925, provides that: "No delinquent tax payer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the state, or any county, city or town." Moreover, the same Legislature in the same act amending article 7687a, now article 7324, supra, enacted what is now article 7329, which provides:

"There shall be no defense to a suit for collection of delinquent taxes as provided for in this chapter except:

"1. That the defendant was not the owner of the land at the time the suit was filed.

"2. That the taxes sued for have been paid, or

"3. That the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess."

So that neither of the matters pleaded by appellee constituted any defense to the suit against him for the delinquent taxes, and, that being so, the injunction should not have issued. Furthermore, appellee did not, and does not, deny the justice of the taxes sought to be collected, but admits that they have not been paid, and that he was and is the owner of the property upon which the taxes are due and delinquent. He says that he offered to pay the taxes, but that he refused to pay the penalty or the interest or the costs, this upon the ground only that he had not been served with notice as required by article 7324. He knew that he had not paid the taxes and that they had long been delinquent, and still he took no steps to meet them until after he was sued and served with citation. It was too late then to avoid the penalty, interest, or costs.

It follows from what we have said that the judgment should be reversed and the injunction dissolved, and it is so ordered.