### LINDSAY v. STATE.
### No. 3830.

Court of Civil Appeals of Texas. Texarkana. March 12, 1930.

Rehearing Denied March 27, 1930.

1114

Lane & Lane and Y. D. Harrison, all of Marshall, for appellant.

John E. Taylor and Beard & Abney, all of Marshall, for the State.

HODGES, J.

This is a suit to recover $4.75 as taxes due the state for the year 1916, assessed against a vacant lot situated in the city of Marshall. Appellant, who was the owner of the lot at the time the suit was filed, answered, first, by a plea in abatement, alleging that no notice as required by article 7324, Revised Civil Statutes of Texas 1925, had been given to the record owner of the lot prior to the time this suit was filed. He also answered by a general demurrer and general denial. The court overruled the plea in abatement and rendered judgment for the amount of the taxes, interest, penalties, and costs, and directed a foreclosure of the state's lien on the lot. The case is here on an agreed statement and upon one assignment only—that the court erred in refusing to sustain appellant's plea in abatement.

Article 7324, so far as applicable to this case, is as follows: "During the months of April and May each year, or as soon thereafter as practicable the collector of taxes in each county of this State shall mail to the address of each record owner of any lands or lots situated in the county a notice showing the amount of taxes delinquent or past due and unpaid against all such lands and lots as shown by the delinquent tax record of the county on file in the office of the tax collector, a duplicate of which shall also have been filed in the office of the Comptroller of the State and approved by such officer, but failure to send or receive such notice shall be no defense to a suit brought for taxes. Such notice shall also contain a brief description of the lands and lots appearing delinquent and the various sums or amounts due against such lands," etc. The question involved in this appeal is: Does that statute require the giving of the notice therein provided for as a condition precedent to the maintenance of a suit by the state for the unpaid taxes?

The first Legislature requiring the tax collector to give such notice appears as article 7687a of the Texas Complete Statutes of 1920, and is as follows: "During the months of April and May each year, or as soon thereafter as practicable, the collector of taxes in each county of this State shall mail to the address of each record owner of any lands or lots situated in the county a notice showing the amount of taxes delinquent or past due and unpaid against all such lands and lots as shown by the delinquent tax record of the county on file in the office of the tax collector, a duplicate of which shall also have been filed in the office of the Comptroller of Public Accounts of the State of Texas and approved by such officer," etc. That act was passed in 1919 (Acts 36th Leg., 2d Called Sess., c. 64), and was before the Supreme Court for construction in Hunt v. State, 110 Tex. 204, 217 S. W. 1034. It was there held, in effect, that the giving of the notice was a prerequisite to the maintenance of a suit by the state for collection of delinquent taxes, but that the failure to give the notice did not bar the state's right to bring another suit after such notice had been given. At the Second Called Session of the Legislature in 1923 (Acts 38th Leg., 2d Called Sess., c. 13), that article was amended and the words "but failure to send or receive such notice shall be no defense to a suit brought for taxes" were added. The trial court, following the case of Garner v. Heisig (Tex. Civ. App.) 20 S.W.(2d) 332, held that this amendment dispensed with the necessity of giving that notice as a prerequisite to the maintenance of a suit. The correctness of that ruling is questioned in this appeal. It had been previously held by the San Antonio and Beaumont courts before that amendment was adopted that the failure to give the notice was a complete bar to the state's right to recover delinquent taxes. State v. Seidell (Tex. Civ. App.) 194 S. W. 1118; Barber v. State (Tex. Civ. App.) 212 S. W. 292. However, this court and the Galveston Court of

Civil Appeals held, in construing the former act, that while the giving of the notice was a prerequisite to the maintenance of a suit by the state, the failure of the collector to give it did not deprive the state of its right to thereafter collect such taxes by suit after notice had been given. State v. Heath (Tex. Civ. App.) 220 S. W. 567; Barnhill v. State (Tex. Civ. App.) 240 S. W. 683. The language of the amendment is rather broad and includes any matter of defense which will defeat the pending suit. In this case if the court had sustained appellant's plea in abatement it would have resulted in a judgment dismissing the suit from the docket. That would have been the end of the suit. In order to secure a judgment for the taxes another suit would have been necessary.

There was no occasion for the Legislature to amend the former statute merely to preserve the state's right to file a suit after the requisite notice had been given, because the court of last resort in construing the former statutes had held that this right existed. If appellant's construction of the amendment be correct, its terms add nothing of importance to the feature of the former statute. The requirement that the collector shall give delinquent taxpayers notice is for the convenience of the taxpayer, and is not now intended as a prerequisite to the institution of a suit to enforce the collection of taxes.

We are of the opinion that the trial court correctly construed the existing statute, and the judgment is affirmed.

On Motion for Rehearing.

After carefully considering the able and elaborate motion filed by counsel for a rehearing, we find no good reason for not adhering to the original decision in this case. The five cases discussed by counsel were decided before the statute here under consideration was amended. Those cases held that the giving of the notice was a condition precedent to the right of the state to file a suit for the collection of delinquent taxes. Two of them held that the failure of the tax collector to give the notice within the time prescribed by law was a bar to the right of the state to thereafter sue for those taxes. The three other cases held that such failure might be pleaded in abatement, but was not a bar to the state's right to thereafter sue for the delinquent taxes. That was apparently the state of the court decisions at the time the amendment was adopted.

■■ If it was the intention of the Legislature in amending the law to settle only the question as to whether or not the failure of the tax collector to give the notice was a bar to a subsequent suit by the state to collect delinquent taxes, that end could have been accomplished by couching the amendment in such terms as to make that intention certain. But that is not the language of the amendment. The Legislature wrote into the act that it should be no *"defense to a suit"* for *delinquent taxes.* We are bound to give that language all the meaning its terms legally and commonly imply. Any matter which, if pleaded, has the effect of defeating a suit and to cause the rendition of a final judgment adverse to the plaintiff, must be considered in a law a *defense.*

■ Counsel for appellant also requests that this question be certified to the Supreme Court. That, we think, is unnecessary, since the case is one which may be carried to the Supreme Court by application for a writ of error.

The motions are overruled.