## LINDSAY v. STATE.
### No. 1495—5774.

Commission of Appeals of Texas, Section A.
Jan. 6, 1932.

Lane & Lane and Y. D. Harrison, all of Marshall, for plaintiff in error.

Beard & Abney and John E. Taylor, all of Marshall, for defendant in error.

HARVEY, P. J.

The state brought this suit against the plaintiff in error, W. H. Lindsay, to establish its claim for unpaid taxes for the year 1916, together with penalty and accrued interest, and to foreclose the tax lien on a certain city lot now owned by Lindsay. The case was submitted as an "agreed case" under article 2177 of the Statutes, and judgment was rendered for the state. Lindsay appealed, and the Court of Civil Appeals affirmed that judgment. 25 S.W.(2d) 1113.

The material facts are substantially as follows:

In 1916, one Estella Harrold owned the lot in controversy, and taxes in the sum of $4.73 were duly assessed against her and the lot, for that year. Later in that year she conveyed the lot, by duly recorded deed, to W. C. and William Lane, who rendered the lot for taxes, and paid all taxes thereon each year as they accrued, from the year 1917 to 1922, inclusive. In the year 1923 the Lanes, by duly recorded deed, conveyed the lot to the plaintiff in error, who rendered same for taxes each year from 1923 to 1928, inclusive; and paid all taxes for each of said years as they accrued. At no time prior to the institution of this suit did the tax collector mail to Lindsay, who is the record owner of the lot, the notice prescribed by article 7324 of the Statutes, and no excuse for such failure exists; nor did Lindsay have any notice from any source that the taxes sued for were unpaid, except such constructive notice as arose from the fact that the said taxes appeared on the delinquent tax rolls. The only notice ever mailed by the tax collector was mailed to the Lanes, at their address, on June 4, 1929, more than six years after Lindsay had become record owner of the lot. In his answer, Lindsay set up a plea in abatement, grounded on the failure of the tax collector to give the prescribed notice in respect of said delinquent taxes. The plea in abatement was overruled by the trial court, and the correctness of this action of the court is the only question presented for decision.

Article 7324 of the Statutes provides in part as follows: "During the months of April and May each year, or as soon thereafter as practicable the collector of taxes in each county of this State shall mail to the address of each record owner of any lands or lots situated in the county a notice showing the amount of taxes delinquent or past due and unpaid against all such lands and lots as shown by the delinquent tax record of the county on file in the office of the tax collector, * * * but failure to send or receive such notice shall be no defense to a suit brought for taxes. * * *"

This statute then proceeds to prescribe the contents of such notice, including, among other things, the provision that said notice "shall also recite that unless the owner of such lots or land described therein shall pay to the tax collector the amount of taxes, interest, penalties and costs set forth in such notice within thirty days from the date of notice, that the county or district attorney will institute suits for the collection of such moneys and

for the foreclosure of the constitutional lien against. such lands and lots."

Article 7326 provides in part as follows: "Whenever any taxes on real estate have become delinquent it shall be the duty of the county attorney upon the expiration of the thirty days notice provided for in the two preceding articles or as soon thereafter as practicable, to file suit in the name of the State of Texas in the district court of the county," etc.

The plaintiff in error contends that, by the above statutory provisions, the giving of the prescribed notice to the record owner is made a condition precedent to a foreclosure suit; and that, since such condition precedent was not met, the plea in abatement should have been sustained. It will be observed that in article 7324 it is provided that "failure to send or receive such notice shall be no defense to a suit brought for taxes." As originally passed in the year 1915, the statute which now constitutes article 7324 did not contain this provision. If the said statute, as it was originally enacted, had remained unamended, there might have been some force to the contention made by the plaintiff in error. For in the year 1920 the Supreme Court had before it the original statute, and held that the prescribed notice was a condition precedent to a foreclosure suit. Hunt v. State, 110 Tex. 204, 217 S. W. 1034. However, after the decision in that case was handed down, the Legislature, in the year 1923, so amended said statute as to embrace within its terms the provision last quoted. Acts Second Called Session, 1923, p. 32, c. 13. It is to be presumed that this amendment was made in view of the holding of the Supreme Court in the Hunt Case, and that the provision in question was incorporated into the statute for the purpose of changing the legal effect of the provisions calling for notice to property owners. The foregoing considerations leave little doubt that the legislative intent was to strip from these last-mentioned provisions the attributes of a condition precedent to a suit for taxes.

It is earnestly contended that the provision in question has reference to such defenses as go to the state's cause of action, and not to the right of the state to sue. The provision declares that failure to give the notice shall be "no defense to a suit brought for taxes." This language is sufficiently comprehensive to exclude from the record owner any plea looking to the defeat of a tax suit, on account of a failure of the tax collector to perform his duty as the statute prescribes; and such exclusion implies that the prescribed notice should no longer constitute a condition precedent to a suit for taxes. This implication acquires additional strength from the presumed fact that the Legislature had in mind the holding of the Supreme Court in the Hunt Case. Besides, as the statute stood when the Legislature came to amend it in 1923, it did not mean that the omission of the tax collector to perform his duty, with respect to said notice, was to constitute a defense to the state's cause of action against the property owner. Barnhill v. State, 115 Tex. 258, 280 S. W. 732; State v. Heath (Tex. Civ. App.) 220 S. W. 567. The law presumes that the Legislature understood this when it amended the statute in 1923, and that the provision in question was inserted for a useful purpose. The only useful purpose the provision could possibly serve was to render unavailable to the property owner the privilege of having the suit abated on account of the tax collector's delinquency.

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals, be affirmed.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.