## T. P. Barnhill v. State of Texas.

No. 3809.   Decided February 17, 1926.

(280 S. W., 732.)

**1.—Taxation—Suit—Limitation—Statutes.**

A delinquent taxpayer can not assert limitation against a suit for taxes due (Rev. Stats., Art. 7662.)   The statutes requiring suit for such taxes to be instituted by county or district attorneys not later than a named date and performance of certain duties relative thereto by tax collectors implied no limitation or denial of the right to sue or perform such duties after the date fixed.   (Act of April 3, 1915, Laws, 34th Leg., Ch. 147, and amendment thereof, Act of July 28, 1919, Laws, 36th Leg., 2d Called Session, Ch. 64.)   (Pp. 260-262.)

**2.—Cases Disapproved.**

The rulings in State v. Seidell, 194 S. W., 1118, and Barber v. State, 212 S. W., 292, are disapproved.   (Pp. 261, 262.)

Error to the Court of Civil Appeals for the First District, in an appeal from Houston County.

. The State sued Barnhill for the recovery of delinquent taxes,

etc., and recovered judgment. Defendant appealed, and on affirmance (240 S. W., 683) obtained writ of error.

*Aldrich & Crook, Madden & Denny,* and *Nunn & Nunn,* for plaintiff in error.

The Act of the 34th Legislature, Chapter 147, page 250, passed in 1915, is mandatory in its requirements and the failure to comply with requirements thereof within the time prescribed has the effect of barring the State's claim for delinquent taxes, and has the effect of and will be construed as a statute of limitation. Barber v. State, 212 S. W., 292; State v. Seidell, 194 S. W., 1118; City of San Antonio v. Johnson, 186 S. W., 866; Stewart on Taxation, pp. 497-505; Cyc. Vol. 25, pp. 988-997; State v. Hunt, 217 S. W., 1034.

*W. A. Keeling,* Attorney-General, and *C. L. Stone,* Assistant, for defendant in error.

In order for the State of Texas, defendant in error, to prosecute this suit it was not necessary that notice be given by the tax collector of Houston County to plaintiff in error not later than May 1, 1916, of the delinquency of the taxes due against his said land in terms of the statute law then in force. Harris' Constitution of Texas—Bill of Rights, Sec. 29, Art. 3, Sec. 55, Art. 8, Sec. 10, Art. 8, Sec. 15; Revised Civil Statutes, Arts. 7662, 7554, 7704; Hernandez v. San Antonio, 39 S. W., 1022, Abney v. State, 47 S. W., 1043; Mellinger v. City of Houston, 3 S. W., 249; Oliver v. City of Houston, 54 S. W., 840; State v. Gibson, 85 S. W., 690; Chapter 147, Acts of the Thirty-fourth Legislature; Chapter 64, Acts of the Thirty-sixth Legislature, Second Called Session; State v. Heath, 220 S. W., 567; State v. Guana, 216 S. W., 687.

MR. JUSTICE PIERSON delivered the opinion of the court.

On the 10th day of March, 1920, this suit was filed in the District Court of Houston County on behalf of the State of Texas against T. P. Barnhill, plaintiff in error, to recover taxes delinquent for the years 1892, 1895, and 1896, together with costs, interest, and penalties, aggregating the sum of $12.10.

The 34th Legislature in 1915 enacted a delinquent tax statute, the purpose of which, as declared in its emergency clause, was to compel county officials to discharge their duties in regard to the collection of delinquent taxes. The parts of said statute material to this lawsuit read as follows:

"Section 1. Not later than the first day of May, 1916, in all counties of less than 50,000 inhabitants, and not later than the first day of May, 1917, in all counties of more than 50,000 inhabitants, and not later than the first day of June in every year following thereafter, it shall be the duty of the Collector of Taxes in the various counties of this State to mail to the address of every record owner of any lands or lots situated in such counties, a notice showing the amount of taxes appearing delinquent or past due and unpaid against all such lands and lots according to the delinquent tax records of their respective counties on file in the office of the Tax Collector, and a duplicate of which shall also have been filed in the office of the Comptroller of Public Accounts of the State of Texas and approved by such officer; such notice shall also contain a brief description of the lands or lots appearing delinquent, and various sums or amounts due against such lands or lots for each year they appear to be delinquent according to such records, and it shall also be the duty of the tax collectors of the various counties in this State not later than the dates named, and every year thereafter, to furnish to the county or district attorneys of their respective counties duplicates of all such statements mailed to the taxpayers in accordance with the provisions of this act, together with similar statements, or in lieu thereof, lists of lands and lots located in such counties containing amounts of state and county taxes due and unpaid, and the years for which due, on lands or lots appearing on such records in the name of 'Unknown' or 'Unknown Owners,' or in the name of persons whose correct address or place of residence in or out of the county said tax collector is unable by the use of due diligence to discover or ascertain." * *

" * * * said notices or statements herein provided for shall also recite that unless the owner or owners of such lands or lots described therein shall pay to the tax collector the amount of taxes, interest, penalty and costs set forth in such notice within 90 days from date of notice, then, and in that event, the county or district attorney will institute suits not later than January 1, next, for the collection of such moneys, and for the foreclosure of the constitutional lien existing against such lands and lots." * * * *

Section 2 directs the manner in which delinquent tax records shall be made up and filed, and provides that:

"It shall be the duty of the tax collector, whenever there shall be as many as two years of back taxes that have not been included in such delinquent tax records to prepare or cause to be pre-

pared a supplement to such records which shall be prepared in duplicate, one copy to be filed in the office of the county clerk and one copy thereof to be furnished to the Comptroller of Public Accounts subject to his approval."

Section 3 of the Act provides that:

"Not later than January 1, 1917, in counties of less than 50,000 inhabitants, and not later than January 1, 1918, in counties of more than 50,000 inhabitants, and not later than June 1 of each year thereafter, it shall be the duty of the county attorney, or the district attorney if there be no county attorney, to file and institute suits as otherwise provided by law for the collection of all delinquent taxes due at the time of filing such suit on land or lots situated in such county, together with interest, penalties and costs then due as otherwise provided by law."

It is provided in Section 4 that the duties prescribed in the act for the officers therein named are mandatory, and it makes the failure of such officers to comply with the provisions thereof a misdemeanor, punishable by fine of not less than $100 nor more than $1,000, and by removal from office.

The 36th Legislature in 1919 amended the above mentioned act so as to make it the duty of the tax collector "as soon after mailing such notice as *practicable* to furnish to the county or district attorney duplicates of all such notices," etc., and "as soon as *practicable* after the expiration of 90 days from the date of notice mailed to the delinquent owner by the tax collector under the provisions of this act, the county attorney or district attorney, if there be no county attorney, shall file or institute suit."

It is the contention of plaintiff in error that the aforementioned act of the 34th Legislature is one of limitation, i. e., that if a tax collector failed to give the notice mentioned therein before the first day of May, 1916, and if suit for the collection of taxes then delinquent was not instituted before January 1, 1917, in counties of less than 50,000 inhabitants, as is the County of Houston, thereafter such delinquent taxes could not be collected and no suit for their collection could be maintained.

A writ of error was granted in this case because of the conflict between it and the cases of State v. Seidell, 194 S. W., 1118, and Barber v. State, 212 S. W., 292, and because of the importance of the question.

It is always a matter of importance to the State that its tax laws be easily understood and applied by its officers chargeable with the duty of enforcing its laws. However, the question here is not at all difficult of determination. The statute is clearly not

subject to the interpretation contended for by the plaintiff in error. Clearly it is not a statute of limitation, and it was not intended that a failure on the part of the county tax collector, or of the county or district attorney, to act as is required of them, should thereafter bar an action for the collection of the taxes on the part of the State or County. The wording of the statute is so clear that we think it does not require extensive discussion. We think it is plainly apparent that the Legislature intended for the tax collectors and county and district attorneys to continue to present existing delinquencies until they are satisfied, and that the act does not place any limitation on the right of the State to collect delinquent taxes, but is intended merely to fix the duty of the tax collectors and county and district attorneys.

It is provided in Article 7662, Vernon's Complete Texas Statutes, 1920, (said statute having been enacted originally in 1879), that:

"No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the State or any county, city or town."

If the Legislature had decided to change the policy of the State in so important a matter, and to bar action for delinquent taxes after a fixed date, it undoubtedly would have done so in direct and specific terms, and not by inference or implication.

Defendant in error refers us to Sec. 55, Art. 3, and Sec. 10, Art. 8, of the State Constitution, and asserts that the Legislature is without power to pass a law fixing a period of limitation after which delinquent State taxes may not be collected by suit. However, by implication or otherwise, as stated in the opinion of the Honorable Court of Civil Appeals in this case, we cannot "read into this act a time limitation upon the right of the State to collect taxes due it." State v. Heath, 220 S. W., 567.

A review of the policy of the State in reference to tax collections, as evidenced in the various statutes and in the holdings of the courts, would give further weight to this holding, but we think the statute is clearly not subject to the construction urged for it, and that the judgment of the Honorable Court of Civil Appeals is correct. Therefore, further discussion is pretermitted. The judgment of the Court of Civil Appeals should be affirmed, and it is so ordered.     *Affirmed.*

Chief Justice Cureton not sitting. Opinion delivered February 17, 1926.