# FEBRUARY, 1927

### CITY OF BEAUMONT V. H. B. FALL ET AL.

No. 4732. Decided February 9, 1927.

(291 S. W., 202).

1.—Constitutional Law—Cities—Charter—Ordinances—Taxes—Limitation.

Article 3, Section 56, of the Constitution renders invalid a provision in the charter of a city (Beaumont) by Special Act and an ordinance of the city in pursuance thereof which created a limitation of four years upon actions for the recovery of city taxes, such limitation being contrary to the general laws of the State on the subject. (Const. Art. 3, Sec. 56; Art. 11, Sec. 5; Rev. Stats., 1925, Arts. 7298, 7329.) (Pp. 324, 325).

2.—Same.

For like reasons, such limitation on actions for collection of taxes in the charter of the City of Beaumont adopted in 1919 under the "Home Rule Law" (Const., Art. 11, Sec. 5, as amended in 1912) was unconstitutional and invalid. (Const., Art. 3, Sec. 56.) (P. 322).

3.—Same.

Neither the Legislature, in granting a special charter to a city, nor the city adopting its own charter under the "Home Rule Law" can enact laws or ordinances which contravene the general laws of the State upon the same subject which are applicable to all cities. (P. 322).

4.—Cases Discussed.

Brown v. Fidelity Investment Co., 280 S. W., 567; Altgelt v. Gutzeit, 109 Texas, 123; King v. State, 105 Tex. Crim., 416, approved and followed. City of Dallas v. Western Electric Co., 83 Texas, 245, criticised. Yett, Mayor, v. Cook, 115 Texas, 205; Vincent v. State, 125 S. W., 1084; City of Amarillo v. Tutor, 267 S. W., 697; Mellinger v. City of Houston, 68 Texas, 86; Barnhill v. State, 115 Texas, 258, cited and discussed. (P. 321).

Questions certified from the Court of Civil Appeals for the Ninth District in an appeal from Jefferson County.

The provision in the charter adopted in 1919 by the City of Beaumont, referred to in the second of the questions certified, was as follows:

"The city is limited to four years in bringing suits for the collection of all delinquent taxes now due it, and any suit instituted for the purpose of collecting taxes hereafter delinquent shall be commenced within three years after said taxes were due and not afterwards."

The Supreme Court referred the question to the Commission

of Appeals, Section B, for their opinion thereon, which is adopted and ordered certified as the answer of the court.

On motion in the Supreme Court for rehearing, which was referred to the Commission of Appeals, appellant moved to withdraw same from the Commission and have it acted on by the Supreme Court. This was overruled, and on recommendation of the Commission the motion for rehearing was also overruled.

*J. B. Morris,* City Attorney, for appellant.

A charter provision or a provision of the city ordinances inconsistent with or in conflict with any provision of the general law is unconstitutional and void. Constitution of Texas, Art. 3, Sec. 56; Constitution of Texas, Art. 11, Sec. 5; Art. 7298, R. S., 1925; Art. 7329, R. S. 1925; Brown v. Fidelity Investment Co., 280 S. W., 567; King v. State, 289 S. W., 69; State v. Vincent, 217 S. W., 402, 235 S. W., 1084; Barnhill v. State, 115 Texas, 258, 280 S. W., 732; City of Amarillo v. Tutor, 267 S. W., 697; Abney v. State, 46 S. W., 1043; Austin v. Great Southern Life Ins. Co., 211 S. W., 482; Gray v. Seeber, 6 N. Y. S., 802; In re Tassel's Will, 196 S. W., 493; Sec. 68, Charter of Beaumont of 1909; Sec. 16, Subd. 18, of Charter of Beaumont of 1919; Art. 399, Ordinances of Beaumont, 1909; Sec. 70, Subsec. 55, of the Charter of 1919.

*Howth, Adams & Hart,* for appellee.

The cases decided by our courts in construing the said Article 11, Section 5, and Article 3, Section 56, expressly hold that the prohibitions, limitations and requirements contained in Article 3, Section 56, are intended to operate on such subjects as are embraced alone by said section, and not upon such as are excepted from it; it being the purpose of the Constitution that the grant of power in the charter of a city having a population of over ten thousand inhabitants (while the original Section 5 of Article 11 was in force), and those having a population of five thousand inhabitants (during the time the amendment of 1909 of said section was in force) shall be complete, without reference to any other law, notwithstanding it would be easier to provide for the exercise of the greater number of privileges granted to said cities by a general law, applicable alike to all of them; and that, while there are limitations and restrictions upon the right to grant such charters, they are not to be sought for in Section 56 of Article 3 of the Constitution. The following cases expressly so hold: City of Dallas v. Western Electric Company,

83 Texas, 243, 18 S. W., 552; Investment Assn. v. Heirs of Pierre, 31 S. W., 426; City of Oak Cliff v. State, 77 S. W., 24 (affirmed, 97 Texas, 383;) Ex Parte Wilson, 14 Crim. App., 593; Cravens v. State, 57 Crim. App., 135, 122 S. W., 29; Arroyo v. State, 69 S. W., 505; Johnson v. Hanscom, 37 S. W., 837 (affirmed, 51 S. W., 1152); Dean v. Lufkin, 63 Texas, 437; Cave v. City of Houston, 65 Texas, 619; Bonner v. Belsterling, 137 S. W., 1154; Storrie v. Woessner, 47 S. W., 837 (affirmed, 51 S. W., 1132); Smith v. Grayson County, 44 S. W., 921; City of San Antonio v. Johnson, 186 S. W., 866; City of Houston v. Stewart, 90 S. W., 49; Railroad Company v. Ward County Irr. Dist., 257 S. W., 333; Olivier v. City of Houston, 90 Texas, 201, 54 S. W., 943; Link v. City of Houston, 94 Texas, 378.

If the Legislature passes general laws, it can change, amend or repeal them at pleasure. If the said Articles 7298 and 7329 be apparently in conflict with the charter and ordinance limitation provisions of the City of Beaumont, they are not so, either in fact or in law, because they constitute specific exceptions under the validating act of the Legislature, to said general laws. The Legislature is authorized to make such exceptions, not being prohibited by any superior law. Lytle v. Halff, 75 Texas, 128, 12 S. W., 610; Whitner v. Belknap, 89 Texas, 273, 34 S. W., 594; Harris County v. Stewart, 91 Texas, 133, 41 S. W., 650; Texas C. Ry. Co. v. Hannay, Frerichs & Co., 142 S. W., 1163; 36 Cyc., 944.

MR. PRESIDING JUDGE POWELL delivered the opinion of the Commission of Appeals, Section B.

This cause is before the Supreme Court upon the following certificate from the Honorable Court of Civil Appeals of the Ninth District:

"Section 68 of the charter of the City of Beaumont, Texas, granted by special act of the Legislature in 1909, was as follows:

" 'All taxes due said city for which action is not instituted within four years from the time they are due and payable, shall be conclusively presumed to have been paid and no action therefor shall be maintained.'

"Article 399 of the ordinances of 1909, adopted under authority of the charter of that year, was as follows:

" 'Article 399. Taxes barred when: All taxes due the City of Beaumont for which action is not instituted within four years from the time said tax is due and payable, shall be conclusively presumed to have been paid and no action therefor shall be maintained; provided, that the limitation herein contained shall not

apply to any claim for taxes accruing prior to the enactment of the present charter.'

"At the time Beaumont was granted its special charter, Section 56 of Article 3 of the Constitution of the State provided, in part:

" 'The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law * * * regulating the affairs of counties, cities, towns * * * incorporating cities, towns or villages or changing their charter; * * * and in all other cases where a general law can be made applicable, no local or special law shall be enacted.'

"In 1909, Section 5 of Article 11 of the Constitution of the State was as follows:

" 'Cities having more than five thousand inhabitants may have their charters granted or amended by a special act of the Legislature and may levy, assess and collect such taxes as may be authorized by law, but no tax for any purposes shall ever be lawful for any one year, which shall exceed two and one-half (2½) per cent of the taxable property of such city; and no debt shall ever be created by any city or town unless, at the same time, provision be made to assess and collect annually, a sufficient sum to pay the interest thereon and create a sinking fund of at least two (2) per cent thereon (declared adopted September 24th, 1901).'

"In 1912, Section 5 of Article 11 was amended to read:

" 'Cities having more than five thousand (5,000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State; said cities may levy, assess and collect such taxes as may be authorized by law or by their charters; but no tax for any purpose shall ever be lawful for any one year, which shall exceed two and one-half per cent of the taxable property of such city, and no debt shall ever be created by any city, unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and creating a sinking fund of at least two per cent thereon; and provided further, that no city charter shall be altered, amended or repealed oftener than every two years.'

"Article 7298, Revised Statutes 1925 (old Article 7662), is as follows:

" 'No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the State or any county, city or state (town).'

"Article 7329, Revised Statutes 1925 (Act Second Called Session, 1923, p. 36), is as follows:

" 'Defense to tax suits. There shall be no defense to a suit for the collection of delinquent taxes as provided for in this chapter, except:

" '1. That the defendant was not the owner of the land at the time the suit was filed.

" '2. That the taxes sued for have been paid, or

" '3. That the taxes sued for are in excess of the limits allowed by law, but this defense shall apply only to such excess.'

"From and inclusive of 1912, appellees, Fall and wife, have failed and refused to pay the city taxes upon certain property owned by them in the City of Beaumont. It was conceded upon the trial of this case that such taxes were duly levied each year since and inclusive of 1912, until the trial of this case in 1925; that Fall and wife have owned the property continuously since 1912; that the City of Beaumont, through its proper officers, had taken and performed all antecedent steps required by the laws of the State and by the ordinances of the city as the basis for the institution of suits for delinquent taxes. In 1913 and each year thereafter to and inclusive of 1924, the City of Beaumont in due form instituted suits against Fall and wife for the delinquent taxes due by them, describing in each of its petitions as thus filed the land and property upon which such taxes were due and prayed for a recovery of the taxes and for a foreclosure of its tax lien. Each of such suits was only for the taxes due the year preceding its filing. No citations were issued in any of such suits, nor were facts shown sufficient as a matter of law to excuse the City of Beaumont in its failure to have such citations issued and served. On the 14th of March, 1925, the City of Beaumont filed this suit, to quote from its brief herein, 'in the nature of a consolidated suit, referring to, and incorporating, and further prosecuting suits theretofore filed each year for the collection of the same taxes, as such suits are provided for by Chap. 10, Title 122, R. S. 1925. The original petition was filed November 3rd, 1925, incorporating all years and amounts as sued for in the original petition and in addition thereto the taxes for the year 1924, which had become delinquent and passed through the

necessary steps prerequisite to filing suit since the filing of the original petition.'

"Defendants, Fall and wife, answered by a general demurrer, special exceptions not material to this certificate and specially pleaded as a defense to plaintiff's suit for its taxes that the cause of action for the years from 1912 to 1921, inclusive, was completely extinguished and non-existent at the time of the filing of this suit, being completely barred by the charter provisions and ordinances of the City of Beaumont as above set out in force during all of the time said taxes were accruing. The Shepherd Laundries Company was made a party to the suit on allegations that it had a lease on a portion of the property and claimed an interest therein, and for the further reason that by a provision of its lease the sum of $5,000 was put in escrow with which to pay taxes due prior to 1917 on the property covered by said lease, and the city asked that the fund be applied on its judgment.

"To appellees' answers of limitation, the City of Beaumont filed exceptions that the provisions of the charter and ordinances so plead were and are in conflict with and inconsistent with the General Laws of the State of Texas, and, therefore, unconstitutional and void, specially pleading Article 7298, Revised Statutes 1925, Article 7329, Revised Statutes 1925, and Article 11, Section 5, of the Constitution. By propositions advanced in its brief on this appeal, appellant invokes the provisions of Section 56, Article 3, above quoted.

"The court sustained the defendants' pleas of limitation as to all taxes due for the years 1912 to 1921, inclusive, and rendered judgment for the plaintiff for its taxes for the years 1922, 1923 and 1924, and ordered the foreclosure of the tax lien on the respective lots for those years.

"On this appeal appellant urges the proposition that the filing of the suits annually from 1912 to 1921, inclusive, was sufficient to toll the statutes of limitation, if constitutional. Appellees assert the proposition that we are without jurisdiction to construe the charter provisions plead in their relation to Article 3, Section 56, since such Article was not specially plead by appellant as a defense against the charter provisions. While we have written no opinion in this case, these propositions have been answered by us to our entire satisfaction. However, under authority of the decision of the Commission of Appeals in Brown v. Fidelity Investment Company, 280 S. W., 567, we are very much in doubt as to the constitutionality of the charter provi-

sions above given. Prior to the decision in the Brown case, it seemed to be the settled constitutional law of this State that:

" 'It is the purpose of the Constitution that the grant of power in the charter of a city having more than 10,000 inhabitants shall be complete without reference to any other law, notwithstanding it would be easy to provide for the exercise of law applicable alike to all of them. While there are limitations and restrictions upon the right to grant such charters, they are not to be sought for in Section 56 of Article 3 of the Constitution.' (City of Dallas v. Western Electric Co., 83 Texas, 245.)

"It had been thought by the courts of civil appeals and seemingly also by the Supreme Court itself that this case was authority for the holding that Section 56 of Article 3 was not a limitation on the Legislature in granting charters to cities under authority of Section 5 of Article 11, but the Brown case, supra, is a holding, as we understand it, directly against the construction we place upon City of Dallas v. Western Electric Company; and because you, in entering the judgment recommended by the Commission of Appeals in the Brown case, did not approve its holding, we are in doubt as to whether you intended to overrule the City of Dallas v. Western Electric Company, which unquestionably was done by the opinion in the Brown case. Appellees, to sustain the constitutionality of the ordinance provisions involved in this case, rely primarily on Olivier v. City of Houston, 93 Texas, 201; Link v. City of Houston, 94 Texas, 378; City of Houston v. Stewart, 90 S. W., 49; City of San Antonio v. Johnson, 186 S. W., 866, and the City of Dallas v. Western Electric Company, supra. Appellant bases its contention primarily upon the Commission of Appeals' opinion in Brown v. Fidelity Investment Company, supra, and the recent oinion of the Court of Criminal Appeals, by Judge Morrow, in Loraine King, appellant, No. 10208, v. The State of Texas, appellee, which has not yet been published. We would also call attention to Yett v. Cook, 281 S. W., 837, by Mr. Chief Justice Cureton.

"Because of the doubt above expressed, we certify to you the following questions:

"*First:* Were Section 68 of the 1909 charter of the City of Beaumont, and Article 399 of the ordinances of the City of Beaumont, adopted under that charter, constitutional?

"*Second:* Is Subdivision 18 of Section 16 of the charter of Beaumont, adopted in 1919, under authority of the amended Section 5, Article 11, of the Constitution, constitutional?

"We would most respectfully request your answer to these questions."

It seems to be conceded by the Court of Civil Appeals that the limitation ordinances in question are unconstitutional if our opinion in the case of Brown v. Fidelity Investment Company, 280 S. W., 567, is sound. It is true, as stated by the Court of Civil Appeals, that our holding in this case was not approved by the Supreme Court. Since the case was not remanded, it would not have been in conformity with the practice of the Supreme Court to note an approval of the holding in that case. But, it is evident that the judgment could not have been entered in that case by the Supreme Court upon any other theory than that the ordinance there in question was void because in contravention of Section 56 of Article 3 of our State Constitution. We have again carefully read our opinion in the Brown case, and now adhere to our views there expressed. We do not believe anything can be added to that opinion which will be particularly helpful. In that case, as we there showed, we were not the first court to overrule the position now taken by the Court of Civil Appeals in the instant case. In the Brown case, we showed that Judge Moursund, for the Court of Civil Appeals at San Antonio, expressed this same view of the opinion of Judge Henry in the case of City of Dallas v. Electric Company, supra. But, when Judge Moursund's views reached the Supreme Court, Chief Justice Phillips overruled them. The views of the latter distinguished jurist were not only followed by us in the Brown case, but by Chief Justice Cureton in the case of Yett, Mayor, v. Cook, 115 Texas, 205; and, also, by Presiding Judge Morrow, for the Court of Criminal Appeals, in the case of Loraine King v. State, decided November 3, 1926. The opinion in the latter case has apparently not been published [105 Texas Crim., 416, 289 S. W., 69], but the court held that the Corporation Court of the City of Port Arthur was unconstitutional and void. The Thirty-eighth Legislature attempted to create the court by special Act. This legislation was attempted after the Home Rule Amendment went into effect in this State. Later, the people themselves, under said Home Rule Amendment, adopted the Corporation Court. But it was still held void by Presiding Judge Morrow. After quoting the Home Rule Amendment and Sec. 56 of Art. 3 of the Constitution, the learned judge said:

"The impotency of the Legislature to change the charter of a municipal corporation such as that of Port Arthur, having more than 5,000 inhabitants, precludes the recognition of any vitality in the act in question as a court. Nor can it become effective by the amendment of the charter of Port Arthur under the procedure named in the Home Rule Amendment for the

reason that the constitution, jurisdiction and characteristics of the court, the creation of which is attempted, are inconsistent with the general law of the State prescribing the powers and jurisdiction of a corporation court. See Art. 1195, R. S., 1925."

In the case of Yett, Mayor, v. Cook, Chief Justice Cureton said:

"Construing the various statutes bearing on the subject in the light of the Constitution shows conclusively that the provisions relating to poll tax lists are mandatory. We think it too plain for argument that the general laws covering elections could not have been complied with in the City of Austin at an election on February 2, as provided for by the amendment to the city charter. Since the conflict between the general statutes and this charter provision exists it follows that in so far as the amendment named February 2, 1925, as an election day, it is void and the court erred in directing plaintiffs in error to give effect to that provision."

For other opinions by this section of the Commission of Appeals, to the same general effect, we refer to the cases of Vincent v. State, 235 S. W., 1084, and City of Amarillo v. Tutor, 267 S. W., 697.

Consequently, it will be seen that both courts of last resort in this State, as well as this section of the Commission of Appeals, have definitely decided that cities cannot enact laws or ordinances which contravene general laws upon the same subject which are applicable to all cities. The *Legislature* was prohibited by Sec. 56 of Art. 3 of the Constitution from passing any such ordinance for a city by *special act*. Under the Home Rule Amendment, cities, acting for themselves, are likewise expressly restricted. It has never been the intention of the people of this State to permit one city to enforce a law which is contrary to a general law governing other cities of the same class.

In our opinion in the Brown case, supra, we distinguished our holding from that of Judge Henry in the case of Dallas v. Electric Company. We do not agree with the Court of Civil Appeals that our opinion *overruled* the latter case. In fact, as we there showed, we would have reached the same result which Judge Henry did under the same facts. Nor do we agree that the Supreme Court itself has ever written an opinion contrary to the views we expressed in the Brown case. The Court of Civil Appeals, in addition to Judge Henry's opinion, cites two Supreme Court cases to the contrary. One is that of Olivier v. City of Houston, 93 Texas, 201; the other is that of Link v. City of Houston, 94 Texas, 378. In the Olivier case, the city recov-

ered its taxes. The Court of Civil Appeals certified one question to the Supreme Court. That court answered that the charter provision there in question, in so far as it referred to pending suits, did contravene Sec. *55* of Art. 3 of the Constitution, reading as follows:

"The Legislature shall have no power to release or extinguish or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any incorporation or individual to this State or to any county or other municipal corporation therein."

It is apparent that there was no contention in that case that the tax limitation ordinance was void because in contravention of Sec. 56 of Art. 3 of the Constitution. That question was certainly not presented to the Supreme Court in that case.

In the Link case, supra, the city recovered its taxes also. The Court of Civil Appeals affirmed the case. It seems that the limitation ordinance was not there attacked as being violative of Sec. 56 of Art. 3 of the Constitution. As showing this, we quote from the opinion of Judge Gill as follows:

"It is thus seen that the objections of plaintiff in error are answered by the charter provisions themselves, none of which are assailed as invalid."

A writ of error was granted by the Supreme Court in the Link case, but Judge Williams merely affirms the views of Judge Gill. He states that the writ was granted because of a question other than limitations. But, finding later that the point was not properly preserved in the application, the Supreme Court declined to pass upon the other question. It is not necessary to pursue this matter further, in our judgment. As we have stated, we do not think the Supreme Court itself has ever expressed a view contrary to all of its more recent expressions upon this point, and all of which are quite clear.

The State unquestionably has an interest in the government of its cities. In this connection, Chief Justice Cureton spoke as follows in the case of Yett v. Cook, supra:

"That the State has a justiciable 'interest' in its sovereign capacity in the maintenance and operation of its municipal corporations in accordance with law does not admit of serious doubt. Municipal corporations are created for the exercise of certain functions of government. They have a twofold character, one governmental and the other private, and in so far as their character is governmental, they are agencies of the State and subject to State control. 19 R. C. L., p. 697, Sec. 9; p. 730, Sec. 36, p. 739, Sec. 45, p. 749, Sec. 54, p. 751, Sec. 56, p. 751;

Dillon on Municipal Corporations (5th Ed.), Vol. 1, Sec. 109, p. 182, and Secs. 103, 104, 105, 106, 108, 115 and 117; Trent v. Randolph, 130 S. W., 737, 738; Harris County v. Stewart, 91 Texas, 133, 41 S. W., 650; Blessing v. Galveston, 42 Texas, 461."

The general policy of the State for years and years has been to deny to anyone the right to defeat taxes upon a plea of limitation. In the early case of Mellinger v. City of Houston, 68 Texas, 86, 3 S. W., 249, Justice Stayton, referring to the very statute quoted in the certificate in the instant case, spoke in this wise:

"The manifest purpose of this statute was to deny to every person the right to defeat the collection of taxes through a plea of the statute of limitations, and it shows that such a statute was deemed necessary by the Legislature to withdraw this right from the person indebted for taxes even to the State."

In the very recent case of Barnhill v. State, 115 Texas, 258, 280 S. W., 732, Justice Pierson referred to this settled policy of the State in quoting this very same statute.

In a word, as long as the State does not, in its Constitution or by general statute, cover any field of the activity of the cities of this State, any given city is at liberty to act for itself. But, when the State itself steps in and makes a general law and applies such law to all cities of a certain class, then we submit that no city of the same class is authorized, under our Constitution, to enact contrary legislation. If this principle has not already been adopted as the settled law of this State, then it should be so understood from this time forward.

Of course, a general law and a city ordinance will not be held *repugnant* to each other, if any other reasonable construction, leaving both in effect, can be reached. In other words, both will be enforced if that be possible under any reasonable construction, just as one general statute will not be held repugnant to another unless that is the only reasonable construction. Chief Justice Phillips has laid down the test for determining the *repugnancy* of two general statutes in the case of Cole v. State, 106 Texas, 472.

But, it is clear that the ordinance of Beaumont is essentially and directly repugnant to the general statutes of our State quoted in the certificate. In other words, the Legislature has said that no delinquent taxpayer can defeat a *city* tax upon any plea of limitation. The ordinance of Beaumont is to the contrary. The ordinance must fail. As we understand the certificate from the Court of Civil Appeals, that court itself con-

cedes the necessary repugnancy between the general law and the city ordinance.

In view of what we have said, we recommend that each question certified be answered in the negative.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

<div align="right">

*C. M. Cureton*, Chief Justice.