

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 22, 1975

The Honorable Clayton T. Garrison
Executive Director
Parks & Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Opinion No. H-613

Re: Authority of cities to adopt
fishing regulations which differ
from those promulgated by the
Parks & Wildlife Department.

Dear Mr. Garrison:

You have requested our opinion regarding the authority of cities to adopt fishing regulations which differ from those promulgated by the Parks and Wildlife Department. Specifically, you ask:

> 1. Whether an incorporated city or other local governmental entity may adopt and enforce, with respect to fish caught in the public waters under its control, size and bag limits which differ from those imposed by the Parks & Wildlife Commission pursuant to the Uniform Wildlife Regulatory Act.

> 2. Whether an incorporated city or other local governmental entity may adopt and enforce, with respect to the public waters under its control, an order establishing a minimum age requirement below which an individual is prohibited from fishing.

Article 4026, V. T. C. S. , declares that

> All fish and other acquatic animal life contained in the fresh water rivers, creeks and streams and in lakes or sloughs subject to overflow from rivers or other streams within the borders of this State are . . . the property of the people of this State.

The public enjoys a general right to fish in the public streams and waters, subject to regulations imposed by the State. Diversion Lake Club v. Heath, 58 S. W. 2d 566 (Tex. Civ. App. -- Austin 1933), aff'd, 86 S. W. 2d 441 (Tex. Sup. 1935).

The Uniform Wildlife Regulatory Act, article 978j-1, Penal Auxiliary Laws, initially adopted in 1967, empowered the Parks and Wildlife Commission, in particular counties, to:

> by proclamation, rule or regulation, from time to time, provide the means and the method and the place and manner in which . . . wildlife resources may be lawfully taken. Sec. 2.

The Act further specifies that:

> All game laws. . . shall be in full force and effect until the Parks and Wildlife Commission shall, in accordance with this Act, issue a proclamation, rule or regulation dealing with the subject matter of the county affected by such presently existing game law. Sec. 18.

You state that a number of cities have inquired as to whether they may impose size or bag limits which differ from those presently in effect by virtue of regulations already promulgated by the Parks and Wildlife Commission. We limit our opinion to those waters defined in article 4026 which are the fresh water rivers, creeks and streams and lakes and sloughs subject to overflow from rivers or other streams. It is well established that:

> Municipal ordinances must conform to the limitations imposed by the superior statutes, and only where the ordinance is consistent with them, and each of them, will it be enforced. Bolton v. Sparks, 362 S. W. 2d 946, 950 (Tex. Sup. 1962).

Although a city is at liberty to act:

> [A]s long as the state does not, in its Constitution or by general statute, cover any field of the activity of the cities of this state any given city is at liberty to act for itself. But when the state itself steps in and makes a general law and applies such law to all cities of a certain class. . . no city of the same class is authorized. . . to enact contrary legislation. City of Beaumont v. Fall, 291 S. W. 202, 205-06 (Tex. Comm. App. 1927).

Since the Legislature has conferred upon the Parks and Wildlife Commission the authority to prescribe the "manner in which wildlife resources may be lawfully taken," since the Commission has imposed size and bag limits upon certain categories of fish in certain geographical areas, and since the right of the State to control the public waters is paramount, it is our opinion that an incorporated city or other local governmental entity may not adopt and enforce, with respect to fish caught in the public waters under its control, size and bag limits which differ from those imposed by the Parks and Wildlife Commission pursuant to the Uniform Wildlife Regulatory Act.

In response to your second question, we believe that a city is also prohibited from adopting an order which establishes a minimum age requirement for the privilege of fishing. Article 4032b-1, V.T.C.S., requires a fishing license of all persons at least 17 and under 65 years of age. No age restrictions are imposed therein on the privilege of fishing. Furthermore, article 4032c grants to:

> All residents of this State who are 65 years of age or over and all persons who are under 16 years of age shall be entitled to all hunting and fishing privileges for which a commercial license is not required, without obtaining a license for such non-commercial privileges and without payment of any fee.

It is thus apparent that the imposition of a minimum age requirement would contravene the clear intent of article 4032c to extend to persons under 16 years of age the privileges of non-commercial fishing. An order imposing such a requirement would not be "consistent with statute," Bolton v. Sparks, supra, and a city would thus be precluded from adopting and enforcing it.

## SUMMARY

An incorporated city or other local governmental entity may not adopt and enforce, as to the public waters under its control, size and bag limits on fish which differ from those promulgated by the Parks and Wildlife Commission pursuant to the Uniform Wildlife Regulatory Act, nor an order establishing a minimum age requirement below which an individual is prohibited from fishing.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb