# IN THE SUPREME COURT OF TEXAS

No. 13-0768

BCCA APPEAL GROUP, INC., PETITIONER,

v.

CITY OF HOUSTON, TEXAS, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

JUSTICE BOYD, dissenting in part.

The City of Houston adopted an ordinance to address the problem of air pollution in the Houston area. Among other things, the Ordinance:

(1) prohibits certain facilities that emit airborne contaminants from violating certain "state air pollution control laws," which the Ordinance expressly incorporates "as they currently are and as they may be changed from time to time" (the Incorporation Provisions);

(2) prohibits the facilities from operating within city limits unless they have registered with the City and paid a registration fee (the Registration Provisions); and

(3) makes it a criminal offense to violate these prohibitions unless the state has authorized the conduct or activity (the Prosecution Provisions).

HOUSTON, TEX., CODE OF ORDINANCES ch. 21, art. VI, §§ 21-162, 21-164, 21-166 (2008). The

Court holds that the Incorporation Provisions are valid and enforceable but the Registration

Provisions and Prosecution Provisions are not. For the reasons the Court explains, I agree that the Incorporation Provisions are enforceable and the Registration Provisions are not, and I join those parts of the Court's opinion and judgment.

My disagreement with the Court's holding that the Prosecution Provisions are unenforceable is somewhat subtle but substantively significant. The Court renders judgment for BCCA Appeal Group declaring that the Prosecution Provisions are completely preempted and unenforceable in their entirety because they permit the City to act in ways that are inconsistent with state law. But as the Court notes, "a general law and a city ordinance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached. In other words, both will be enforced if that be possible under any reasonable construction." *Ante* at ___ (quoting *City of Beaumont v. Fall*, 291 S.W. 202, 206 (Tex. 1927)). And even if the ordinance cannot reasonably be construed to avoid an inconsistency, it is unenforceable "only to the extent that it is inconsistent with the statute." *Ante* at ___ (citing *Dall. Merch.'s & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993)). In my view, the Prosecution Provisions can reasonably be construed as only permitting prosecutions that are consistent with state law. And to the extent they cannot be so construed, our precedents require us to invalidate them only to that extent. Because the Court renders a general declaration that the Prosecution Provisions are completely preempted and unenforceable, I respectfully dissent from that portion of the Court's opinion.

# I.
## Preemption Standards

As a home-rule city, the City of Houston possesses "the full power of self government." *Dall. Merch.'s & Concessionaire's Ass'n*, 852 S.W.2d at 490. It derives that power directly from the Texas Constitution, not from the Legislature. *Id.* Home-rule cities "look to the Legislature not for grants of power, but only for limitations on their power." *Id.* at 490–91. And any legislative attempt to limit a home-rule city's power fails unless it expresses that intent "with unmistakable clarity." *Id.* at 491.

Home-rule cities have constitutional authority to enact ordinances. *Id.* at 490–91; *see* TEX. CONST. art. XI, § 5. Unlike state statutes, which are unenforceable when federal laws indicate that Congress "intended the federal law or regulation to exclusively occupy the field," *BIC Pen Corp. v. Carter*, 346 S.W.3d 533, 537 (Tex. 2011), city ordinances are not subject to state-law "field preemption." "The entry of the state into a field of legislation . . . does not automatically preempt that field from city regulation; local regulation, ancillary to and in harmony with the general scope and purpose of the state enactment, is acceptable." *City of Brookside Vill. v. Comeau*, 633 S.W.2d 790, 796 (Tex. 1982). Thus, that the Legislature has passed statutes and state agencies have enacted rules addressing air pollution does not automatically prohibit the City from adopting ordinances that do the same, even if the Legislature intended to "occupy that field" of law.

But city ordinances are subject to "conflict preemption." The Texas Constitution expressly prohibits "any [ordinance] provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." TEX. CONST. art. XI, § 5. If an ordinance

"attempts to regulate a subject matter [that] a state statute preempts," the ordinance is unenforceable, but only "to the extent it conflicts with the state statute." *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002). On the subject of air-pollution laws, the Legislature has expressly provided that cities can "enact and enforce an ordinance for the control and abatement of air pollution," so long as the ordinance is "not inconsistent" with state statutes or agency rules. TEX. HEALTH & SAFETY CODE § 382.113(a)(2).

We must decide whether and the extent to which the Prosecution Provisions are "inconsistent" with state laws or rules that address the "control and abatement of air pollution." *Id.* We begin with the presumption that the Ordinance is valid, and may only find it inconsistent with a state law or rule if the respective provisions are not susceptible to "any other reasonable construction." *City of Beaumont*, 291 S.W. at 206. We cannot find an inconsistency if any "fact or condition" exists that "would authorize the municipality's passage of the ordinance." *City of Brookside Vill.*, 633 S.W.2d at 792–93. Even if the Ordinance regulates a subject matter that state law preempts, we can invalidate the Ordinance only to the extent that it is inconsistent with the state law. *Sanchez*, 81 S.W.3d at 796.

## II.
### Enforceability of the Prosecution Provisions

The Court holds that the Prosecution Provisions are inconsistent with the "statutory requirements for criminal enforcement" under the Texas Clean Air Act and the Texas Water Code (the state-law requirements). *Ante* at ___. Comparing the statutes to the Prosecution Provisions, I do not agree that the laws are inconsistent because the Prosecution Provisions can be reasonably

4

construed to permit the City to pursue criminal prosecutions only when doing so is consistent with the state-law requirements. And in any event, to the extent we could not reasonably construe the Prosecution Provisions to be consistent with the state-law requirements, they are unenforceable only to that extent and otherwise remain enforceable.

## A.     The State-Law Requirements

The state statutes authorize both state and local authorities to enforce the state's air-pollution laws through administrative penalties, civil suits, and criminal prosecutions. A city in which an air-pollution violation has occurred or is occurring may file a civil suit against the violator seeking injunctive relief, civil penalties, or both. TEX. WATER CODE § 7.351(a). The city's governing body must first adopt a resolution authorizing the suit, and the suit must include the Texas Commission on Environmental Quality (TCEQ) as a "necessary and indispensable party." *Id.* §§ 7.352–.353.

If a city has not filed or is not diligently prosecuting a civil suit, the TCEQ may assess administrative penalties against the violator. *Id.* § 7.051(a)(2). If the TCEQ assesses an administrative penalty, the violator's payment of the penalty precludes any other civil or criminal penalty for the same violation. *Id.* § 7.068. The TCEQ may also ask the attorney general to file a civil suit seeking injunctive relief, civil penalties, or both, and the TCEQ must refer the matter to the attorney general if the violator received two or more administrative penalties for air-pollution violations at the same site within the preceding two years. *Id.* § 7.105(a), (b)(6).

Regarding criminal enforcement, state law provides that any peace officer, including those working for state agencies, may refer a violation to an appropriate prosecuting attorney for criminal

5

prosecution. *Id.* § 7.203(d); *see also id.* § 7.193. However, before referring a violation to a local prosecutor, the peace officer must give written notice of the alleged violation to the TCEQ. *Id.* § 7.203(b). No later than forty-five days after receiving the notice, the TCEQ must determine whether a violation exists, and if so, "whether administrative or civil remedies would adequately and appropriately address the alleged environmental violation." *Id.* § 7.203(c).

If the TCEQ determines that a violation exists and that administrative or civil penalties would adequately and appropriately address the violation, and then notifies the peace officer of those determinations within forty-five days, no prosecutor can pursue criminal charges against the violator. *Id.* § 7.203(c)–(d). But if the TCEQ timely notifies the peace officer of the TCEQ's determination that administrative or civil penalties are inadequate or inappropriate, or if the TCEQ fails to provide notice of the required determination within the forty-five-day period, "the prosecuting attorney may proceed with the criminal prosecution of the alleged violation." *Id.* § 7.203(d).

The Court reads these state-law requirements to "mandate[] administrative and civil remedies [over criminal prosecutions] whenever possible," *ante* at ___, and to give the TCEQ sole discretion to decide "if other remedies are appropriate," *ante* at ___. In general, at least for the purposes of this preemption analysis, I have no issue with the Court's reading of these state-law requirements.

B.      **The Prosecution Provisions**

The Prosecution Provisions make it "unlawful for any person to operate or cause to be operated any facility that does not comply with the requirements" of the state's air pollution laws.

6

HOUSTON, TEX., CODE OF ORDINANCES ch. 21, art VI, § 21-164(c). Any such conduct is a criminal violation that "shall be punishable" by a fine, and each day the violating conduct continues "shall constitute a separate offense." *Id.* § 21-164(e)–(f). However, it is an affirmative defense to prosecution that the conduct complies with a state statute, rule, or order that approves or authorizes the conduct. *Id.* § 21-164(d). The Ordinance requires the City's "health officer" to "conduct an effective program for the abatement of air pollution within the city," and that program must require "[c]ooperat[ion] with . . . state . . . officers, offices, departments, and agencies in the filing and prosecution of legal actions for civil and criminal enforcement of air pollution and air quality standards laws, rules[,] and regulations." *Id.* § 21-146(3). My disagreement with the Court's decision in this case centers on its construction of these Provisions, particularly on the issue of whether they can reasonably be construed to be consistent with the state-law requirements.

## C.  Reasonable Construction

The Court identifies numerous ways in which it believes the Prosecution Provisions are inconsistent with the state-law requirements. It makes no effort, however, to determine whether "any other reasonable construction" of the Prosecution Provisions would eliminate the alleged inconsistencies with the state-law requirements and thus "leav[e] both in effect," as our own precedent requires. *City of Beaumont*, 291 S.W. at 206. Properly construed, the Prosecution Provisions do not "require," "allow," or "authorize" many of the actions of which the Court complains. And even if the Provisions could be construed to require or authorize those actions, they can reasonably be construed to not permit or authorize the actions when doing so would be inconsistent with the state-law requirements. The Court ignores our own precedent that requires

7

us to enforce both the state-law requirements and the Prosecution Provisions "if that be possible under any reasonable construction." *Id.*

### 1. Mandatory criminal enforcement

The Court asserts that the Prosecution Provisions "treat[] any violation . . . as a criminal matter," *ante* at ___, suggesting that they automatically require criminal prosecution for every violation. The Court does not say, and it is not clear to me, which of the Prosecution Provisions the Court believes imposes this effect. The only possible language I can identify is the Provision that says "[i]t shall be unlawful" to operate a facility that does not comply with the state-law requirements. HOUSTON, TEX., CODE OF ORDINANCES ch. 21, art VI, § 21-164(c) (2008). This is not substantively different, however, from the state statute that says "[a] person commits an offense" if the person violates the state's air-pollution laws. TEX. WATER CODE §§ 7.177–.183. Both the Prosecution Provisions and the state statute declare that certain conduct is illegal, but neither requires criminal prosecution of every violation.

The state statute permits criminal prosecution only when the TCEQ determines that administrative or civil penalties are inadequate or inappropriate, or the TCEQ fails to make a determination within forty-five days. *Id.* § 7.203(c)–(d). In light of the Ordinance's requirement that the City's air-pollution abatement program "shall include" the "dut[y]" to cooperate with the TCEQ and state officials in the "filing and prosecution" of criminal charges, HOUSTON, TEX., CODE OF ORDINANCES ch. 21, art VI, § 21-146(3) (2008), the Prosecution Provisions can reasonably be construed to only permit prosecutions that are consistent with the state-law requirements. Nothing

in the Prosecution Provisions mandates criminal prosecution for every violation—much less requires or authorizes criminal prosecution when state law forbids it.

### 2. Criminal prosecution as the "only" remedy

The Court asserts that the Ordinance "provides only for criminal prosecution without TCEQ involvement," and concludes it is therefore inconsistent with the state law's preference for other remedies such as civil suits and administrative penalties. *Ante* at ___. Again, the Court fails to specify the language it believes supports this construction of the Prosecution Provisions, and I can find none. To the contrary, the Prosecution Provisions expressly recognize methods for addressing violations other than criminal prosecution. *See* HOUSTON, TEX., CODE OF ORDINANCES ch. 21, art VI, § 21-146(3) (requiring cooperation with state and other agencies in the filing and prosecution of legal actions for "civil" enforcement); *id.* § 21-146(5) (requiring city program to encourage "voluntary cooperation . . . in the preservation and regulation of purity of the outdoor atmosphere"); *id.* § 21-165 (providing the Ordinance is "cumulative of all other applicable laws and regulations"). Nothing in the text of the Prosecution Provisions provides that criminal prosecution is the "only" remedy for a violation, and in light of the Ordinance's requirements and provisions recognizing non-criminal remedies, the Provisions can reasonably be construed to authorize remedies other than criminal prosecutions.

### 3. Bypassing the TCEQ's discretionary role

The Court asserts that the Prosecution Provisions bypass the TCEQ's statutory discretion to determine the appropriate remedy for a violation. Specifically, the Court asserts that the Provisions "authoriz[e] criminal prosecution without requiring notice to the TCEQ, without

9

requiring that the TCEQ have forty-five days to determine whether a violation has occurred, and without regard to the TCEQ's discretion to determine whether administrative or civil penalties would adequately and appropriately address the situation." *Ante* at ___. Again, the Court fails to identify any language that authorizes the City to pursue a criminal prosecution in violation of state law under any of these circumstances. Because the Prosecution Provisions do not expressly and specifically prohibit such prosecutions, the Court construes the Provisions to allow them. *Ante* at ___.

But just as the Prosecution Provisions do not expressly and specifically prohibit such prosecutions, they do not expressly and specifically require or permit them either. In light of the Provisions' silence on the issue, it is equally as reasonable to construe the Provisions to permit prosecutions only after the TCEQ has received the statutory notice and either failed to respond within forty-five days or timely concluded that administrative or civil penalties would not be adequate or appropriate. And in light of the Ordinance's requirement that the City's enforcement program include the duty of cooperating with state agencies in criminal prosecutions, that would be the more reasonable construction.

### 4. TCEQ's exclusive authority to determine the remedy

The Court asserts that the Prosecution Provisions are inconsistent with the state-law requirements because state law expresses a "clear intent to have the TCEQ determine the appropriate remedy in every case." *Ante* at ___. This is one point on which I disagree with the Court's construction of the state-law requirements. Although state laws grant the TCEQ great discretion in dealing with air-pollution violations, they do not give the TCEQ the exclusive

10

authority to "determine the appropriate remedy in every case." *Ante* at ___. State law expressly authorizes cities to "enact and enforce an ordinance for the control and abatement of air pollution," so long as the ordinance is "not inconsistent" with state statutes or agency rules. TEX. HEALTH & SAFETY CODE § 382.113(a)(2). And as the Court itself notes, state law expressly permits a city to choose to file a civil suit against a violator seeking injunctive relief, civil penalties, or both, TEX. WATER CODE § 7.351(a), and expressly prohibits the TCEQ from assessing administrative penalties as long as the city is diligently pursuing that suit. *Id.* § 7.051(a)(2). Although the city must name the TCEQ as a "necessary and indispensable party," *id.* § 7.353, the TCEQ's authority to choose the proper relief in the suit is no greater than that of the city who filed the suit. And in any event, these provisions prevent the TCEQ from determining "an administrative or civil remedy—or even no penalty at all—to be the appropriate remedy," *ante* at ___, when a city has chosen to file a civil suit.

### 5.    "Statewide uniformity of enforcement"

The Court asserts that the Prosecution Provisions undermine a legislative intent "favoring statewide consistency in enforcement, which relies on TCEQ discretion to select an appropriate enforcement mechanism for each violation." *Ante* at ___. It is unclear where the Court finds this "legislative goal of statewide uniformity," *ante* at ___, as the Court fails to cite to the Health and Safety Code, the Water Code, or any statutory provision to support its conclusion that the

11

Legislature favored "statewide uniformity of enforcement" in the manner the Court suggests. *Ante* at ___.[1]

Accepting BCCA Appeal Group's arguments that the Prosecution Provisions are preempted by a "comprehensive structure," *ante* at ___, and a "comprehensive enforcement regime," *ante* at ___, the Court concludes that "the Legislature has enacted a comprehensive and flexible regulatory regime for investigation . . . and consistent enforcement of the state's air-pollution laws," *ante* at ___, that state agencies have "statewide authority and discretion" to implement the statutes and their rules, *ante* at ___, and that "plants are extensively regulated" by the state agencies under the statutes and rules, *ante* at ___. Even if all of that were true, it would at best provide a basis for concluding that the Prosecution Provisions are preempted because the Legislature has expressed an intent to "occupy the field" of air-pollution enforcement. But city ordinances are not subject to such "field preemption" based on state laws. "The entry of the state into a field of legislation . . . does not automatically preempt that field from city regulation; local

---

[1] The Court quotes *City of Weslaco v. Melton*, 308 S.W.2d 18, 19–20 (Tex. 1957), to support its assertion that the Ordinance "thwarts the Legislature's intent that 'uniformity shall prevail throughout the state.'" *Ante* at ___. However, *City of Weslaco* provides no support for the Court's assertion. In *City of Weslaco*, the Court determined that the Legislature intended to establish uniform standards for labeling grades of milk because "the statute itself demonstrate[d] the intention on the part of the Legislature to provide for and establish grades of milk and specifications therefor as well as the labeling of the same to the end that uniformity shall prevail throughout the State," and "[t]hat intent [was] also revealed by reference to the emergency clause of the Act." 308 S.W.2d at 19. Based on that language, the Court concluded that the statute "pre-empted the field, . . . so far as the grading and labeling of milk is concerned." *Id.* But the Court nevertheless upheld the ordinance because "nothing in the statute . . . create[d] a conflict" with the ordinance, *id.* at 19–20, and the ordinance did "not run counter to the State statutes," *id.* at 22. *City of Weslaco* confirms that field-preemption does not permit a state statute to render a city ordinance unenforceable; instead, even if the statute expresses an intent to preempt the field, a city ordinance is enforceable except to the extent it conflicts with the statute.

*City of Weslaco* establishes that, at a minimum, the Court must provide a statutory basis for finding a "legislative goal of statewide authority." *See* 308 S.W.2d at 19. And even if the Court is able to do so, such legislative intent does not render the Prosecution Provisions unenforceable. *See id.* at 19–20, 22. The Prosecution Provisions are unenforceable only if they are inconsistent with state law. *See In re Sanchez*, 81 S.W.3d at 796.

regulation, ancillary to and in harmony with the general scope and purpose of the state enactment, is acceptable." *City of Brookside Vill.*, 633 S.W.2d at 796; *see also City of Richardson v. Responsible Dog Owners of Tex.*, 794 S.W.2d 17, 19 (Tex. 1990) ("[T]he mere fact that the legislature has enacted a law addressing a subject does not mean that the subject matter is completely preempted. When there is no conflict between a state law and a city ordinance, the ordinance is not void."). "Ancillary to and in harmony with" a statute simply means "not inconsistent with" such statute. *Compare Ancillary*, BLACK'S LAW DICTIONARY (10th ed. 2009) ("Supplementary; subordinate."), *and Harmony*, *id.* ("Agreement or accord; conformity."), *with Inconsistent*, *id.* ("Lacking agreement among parts; not compatible with another fact or claim.").

The focus of our preemption analysis is thus not on whether the Legislature had a goal of "statewide uniformity of enforcement," but on whether the Prosecution Provisions are inconsistent with, as opposed to ancillary to and in harmony with, state law. To the extent that the Prosecution Provisions are inconsistent with (and thus, not ancillary to or harmonious with) state law, they are unenforceable. *See City of Brookside Vill.*, 633 S.W.2d at 796. But if the Prosecution Provisions are ancillary to and in harmony with state law, they are enforceable—even if the Legislature purportedly desires "statewide uniformity" under "a comprehensive enforcement regime." *See id.*

### 6. "Reliance" on the City's compliance

Finally, the Court asserts that we cannot reasonably construe the Prosecution Provisions to permit only those prosecutions that are consistent with the state-law requirements because we "cannot rely on the City to decline to exercise its more stringent enforcement authority under the Ordinance." *Ante* at ___. The Court asserts that any "construction that relies upon a city to opt out

13

of the enforcement authority granted it under the ordinance . . . is hardly reasonable." *Ante* at ___. These assertions demonstrate that the Court misunderstands our task in determining whether, and the extent to which, the Prosecution Provisions are inconsistent with the state-law requirements. By reasonably construing the Provisions to authorize prosecutions only in compliance with state law, we would confirm that the Ordinance does not grant the City any "more stringent enforcement authority." *Ante* at ___. We need not naively hope and rely on the City to do less than the Prosecution Provisions allow, because under a reasonable construction, the Prosecutions Provisions allow the City to do only that which is consistent with the state-law requirements.

Ultimately, the Court's conclusion that the Prosecution Provisions are inconsistent with state law and are therefore unenforceable disregards our preemption precedent. We must begin with the presumption that the ordinance is valid, *City of Brookside Vill.*, 633 S.W.2d at 792, and we must construe it to be consistent with state laws if any "reasonable construction leaving both in effect can be reached," *Dall. Merch.'s & Concessionaire's Ass'n*, 852 S.W.2d at 491. I do not (as the Court asserts) "suggest[] that [the Court's] construction of the Ordinance is unreasonable." *Ante* at ___. Under our preemption precedent, the question is not whether a construction that leads to an inconsistency is unreasonable, but whether a construction that avoids an inconsistency is reasonable. For the reasons explained, I conclude that it is reasonable to construe the Prosecution Provisions as only permitting criminal prosecutions that are consistent with the state-law requirements.

**D.      The "Extent" of Inconsistency**

Even if there were some sense in which we could not reasonably construe the Prosecution Provisions to permit only those prosecutions that are consistent with the state-law requirements, the Prosecution Provisions would not be completely unenforceable. As the Court itself acknowledges, even if the Ordinance cannot reasonably be construed to avoid an inconsistency, it is unenforceable "only to the extent that it is inconsistent with the Act or the Water Code." *Ante* at ___ (citing *Dall. Merch.'s & Concessionaire's Ass'n*, 852 S.W.2d at 490–91).

The Court concludes that the Ordinance is "inconsistent with the statutory requirements for criminal enforcement action[s]," *ante* at ___, and thus "render[s] judgment for BCCA Appeal Group," declaring that the Ordinance's criminal enforcement provisions are unenforceable, *ante* at ___. Under the Court's holding, the City no longer has an ordinance that makes a violation a criminal offense and cannot prosecute violators under the city ordinance under any circumstances. Yet state law expressly authorizes the City to "enact and enforce an ordinance for the control and abatement of air pollution," so long as the ordinance is "not inconsistent" with state statutes or agency rules. TEX. HEALTH & SAFETY CODE § 382.113(a)(2). If any part of the Prosecution Provisions is inconsistent with the state-law requirements, it is unenforceable only "to the extent it conflicts with the state statute." *Sanchez*, 81 S.W.3d at 796; *see Dall. Merch's & Concessionaire's Ass'n*, 852 S.W.2d at 494.

The Court is concerned that the City or its local prosecutors may attempt to apply the Prosecution Provisions when state law would prohibit doing so. In light of the state laws' carefully crafted provisions, I am sympathetic to those concerns. The state statute provides that its "remedies

15

. . . are cumulative," TEX. WATER CODE § 7.004, that it does not "exempt a person from complying with or being subject to other law," *id.* § 7.005, and that an offense that is "also punishable under another law may be prosecuted under either law," *id.* § 7.200. I agree with the Court that any such "other law" is unenforceable to the extent it is inconsistent with the state-law requirements. *Ante* at ___; *see* TEX. CONST. art. XI, § 5. I therefore agree that the City and its local prosecutors cannot enforce the Prosecution Provisions in a manner that would exceed the City's authority and violate state law. But under our preemption precedent, "we shall not presume" that the City passed a void ordinance outside the scope of its authority. *City of Fort Worth v. Gulf Ref. Co.*, 83 S.W.2d 610, 617 (Tex. 1935) (rejecting an interpretation that would render the ordinance outside the scope of the city's "authority under our statutes and Constitution" and instead presuming the city acted within its authority by adopting a valid ordinance).

Instead of invalidating the Prosecution Provisions in their entirety, our own precedent permits us to invalidate an ordinance "only to the extent it conflicts with the state statute." *Sanchez*, 81 S.W.3d at 796; *see Dall. Merch's & Concessionaire's Ass'n*, 852 S.W.2d at 494. To the extent the Provisions permit the City to criminally prosecute a violator after the TCEQ received proper notice and timely determined that administrative and civil remedies would be inadequate or inappropriate, the Provisions are consistent with state law. Enforcing an ordinance only to the extent of consistency does not "rewrite" the ordinance, as the Court contends. *Ante* at ___. Instead, it merely limits the effect of the ordinance to legally permissible applications, even if other applications would be inconsistent with state law and therefore invalid. *Tex. Indus. Energy Consumers v. CenterPoint Energy Hous. Elec., LLC*, 324 S.W.3d 95, 103 (Tex. 2010).

Finally, enforcing an ordinance only to the extent of consistency properly acknowledges the City's constitutional powers as a home-rule city and presumes that the City acted within its authority by enacting a valid ordinance—as our precedents have required for decades. *City of Fort Worth*, 83 S.W.2d at 618 ("[W]e shall not presume that in the enactment of this measure the city commission passed a void measure. On the contrary, the presumption is that the city authorities intended to adopt a valid ordinance."); *see also In re Sanchez*, 81 S.W.3d at 796; *City of Brookside Vill.*, 633 S.W.2d at 792–93; *City of Weslaco*, 308 S.W.2d at 21 ("The validity of an ordinance is presumed . . . ."). Under our preemption precedent, we must uphold the Prosecution Provisions to the extent they are consistent with state law.

### III.
### Conclusion

I join the Court's holding and judgment that the Ordinance's Incorporation Provisions are enforceable and Registration Provisions are not. But, for the reasons explained, I cannot join the Court's holding and judgment that the Prosecution Provisions are inconsistent with state laws and therefore completely preempted and unenforceable in their entirety, and I therefore respectfully dissent in part.

_____
Jeffrey S. Boyd
Justice

Opinion delivered: April 29, 2016