

THE ATTORNEY GENERAL

OF TEXAS

Austin 11, Texas

WILL WILSON
ATTORNEY GENERAL

June 6, 1957

Hon. R. E. Swift
County Attorney
Anderson County
Palestine, Texas

Opinion No. WW- 149

Re: Is the County Tax Collec-
tor entitled to receive
the penalty and interest
from the taxpayer when
the taxpayer failed to
receive his notice because
of wrong address. And
related question.

Dear Sir:

You request the opinion of this office upon the question pre-
sented in your letter of May 20, 1957, which we quote as follows:

"I would like to have an opinion as to the matter
hereinafter set forth. The fact situation is this: A County
Taxpayer was sent notice in due time for the amount of
taxes due by him for the year 1956, which address was
was taken from the tax rolls. However, the notice was
returned to the County Tax Collector because the taxpayer
had moved and therefore the address was wrong. The tax-
payer came to the Tax Collector's Office in May of 1957 and
wanted to pay his taxes but refused to pay his penalty and
interest that had accrued. Is the County Tax Collector
entitled to receive the penalty and interest from the tax-
payer in this situation? Also would the Tax Assessor and
Collector be authorized to forego the penalty and interest
that had accrued?"

The short answer to your question is that the Constitution and
Statutes of this State nowhere require the Tax Assessor-Collector to
notify a taxpayer of the amount of ad valorem taxes assessed against him
and his property on the current rolls as a prerequisite to his liability to
pay the taxes, or the Statutory penalties and interest if permitted to
become delinquent. It is our understanding that it is prevalent practice
for the Tax Assessor-Collector to send notices to the taxpayers of the
amount of State and County taxes assessed against them upon the current
roll, directing such notice to the address of the taxpayer as shown by the
tax rolls; but, as stated above, this is not required by law.

The Constitution of this State requires that all property be taxed,
other than municipal, except that exempt under the Constitution or exempted
by the Legislature under the authority of the Constitution, Article 8, Section 1,
and Article 8, Section 2 of the Constitution.

Article 7336, Vernon's Civil Statutes, prescribes the time for the payment of taxes which, if not paid within the time prescribed, become delinquent and subject to the penalties and interest therein prescribed. All the foregoing, taxpayers are presumed to know without any notice from the Tax Assessor-Collector.

Article 7324, Vernon's Civil Statutes, has nothing to do with current taxes but applies only to delinquent taxes, and even under this Statute the failure of the Tax Assessor-Collector to give the notice or the taxpayer to receive the notice is no defense to a delinquent tax suit. Barnhill v. State, 115 Tex., 258, 280 S.W. 732.

You are therefore advised under the facts submitted the taxpayer is liable for the penalties and interest prescribed by Article 7336, Vernon's Civil Statutes, and the Tax Assessor-Collector has no authority to waive them.

## SUMMARY

The Constitution and Statutes of this State impose no duty upon the Tax Assessor-Collector to give an ad valorem taxpayer notice of the amount of taxes assessed against him on the current tax rolls. The taxpayer is presumed to know that his property is subject to tax and the time of payment to prevent delinquency. If the taxes are not paid before they become delinquent, the taxpayer is liable for penalties and interest prescribed by Article 7336, Vernon's Civil Statutes, whether notified by the Tax Assessor-Collector or not, and the Tax Assessor has no authority to waive penalties and interest.

Yours very truly,

WILL WILSON
Attorney General

LPL:nr

APPROVED:

OPINION COMMITTEE                        By
H. Grady Chandler, Chairman                   L. P. Lollar
                                              Assistant

J. W. Wheeler

Byron Fullerton

Richard Wells

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    Geo. P. Blackburn